J-S75023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN WEAVER | |
| Appellant | No. 1263 EDA 2016 |

Appeal from the PCRA Order April 14, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000095-2014

BEFORE:  BOWES, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED OCTOBER 18, 2016**

John Weaver appeals from the April 14, 2016 order of the Court of Common Pleas of Delaware County denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 16, 2013, Weaver's car collided with another car.  According to the Affidavit of Probable Cause, dated Nov. 25, 2013, Weaver was driving the car, and both he and the occupants of the second car sustained injuries.  The police officers at the scene detected a strong odor of alcohol coming from Weaver, who had slurred speech and bloodshot eyes.  The officers found an open beer can next to Weaver and additional empty beer cans in the car, along with a 30-pack case of Miller Lite, which contained twenty cans that were unopened and cold to the touch.

The Commonwealth obtained a search warrant for Weaver's medical records, which revealed that less than one hour after the accident, Weaver's blood alcohol content ("BAC") was .237%. N.T., 1/7/2014, at 15; N.T., 4/8/2014, at 9.

On April 8, 2014, Weaver entered a negotiated guilty plea to two counts of aggravated assault by vehicle while driving under the influence, driving under the influence of alcohol (high rate of alcohol) ("DUI"), and driving while operating privilege is suspended or revoked ("DWOPS").[1] At the guilty plea hearing, Weaver stated that he understood and agreed with the terms of the negotiated guilty plea and understood the nature of the charges. N.T., 4/8/2014, at 6-7. The court thoroughly explained the charges, including that to violate the subsection of the DWOPS statute with which Weaver was charged, a defendant must drive a motor vehicle:

> at a time when your operating privileges were suspended or revoked as a condition of acceptance of [Accelerated Rehabilitative Disposition (ARD),] as a result of a conviction for ARD[,] as a result of a refusal to give a blood or breath sample after being stopped for suspicion of driving while under the influence[,] or under a license compact from another state where they have a similar violation.

*Id.* at 8. Weaver agreed the facts contained in the affidavit of probable cause supported or substantiated the charges. *Id.* at 9. Weaver further agreed his blood test results stated his BAC was .237% on the night of the

---

[1] 75 Pa.C.S. §§ 3735.1(a), 3802(c), and 1543(b)(1.1), respectively.

accident. *Id.* at 9. Weaver also agreed that a report from the Pennsylvania State Police indicated his license was suspended at the time of the accident and that the suspension was a result of a prior DUI conviction, prior ARD conviction, or prior refusal to take an alcohol or blood test when there was probable cause to believe he was operating a motor vehicle while under the influence of drugs or alcohol. *Id.* at 10. Weaver agreed that the record from the Pennsylvania State Police was a true and correct record and that he was on a DUI-related suspension at the time of the accident. *Id.*[2]

On April 15, 2014, the trial court sentenced Weaver to two consecutive terms of 18 to 36 months' imprisonment for the aggravated assault convictions and a concurrent term of 90 days' imprisonment for the DWOPS conviction. The DUI conviction merged with the aggravated assault convictions for sentencing purposes. At the sentencing, Weaver requested that the trial court not apply credit for time served from January 7, 2014 to April 15, 2014, because he wished to have that time credited to a sentence

---

[2] At the guilty plea hearing, the trial court also explained the maximum sentences applicable to the crimes. N.T., 4/8/2014, at 11. Weaver further acknowledged he understood that: he had a right to a jury trial; he would be presumed innocent; and the Commonwealth would be required to prove every element of each crime beyond a reasonable doubt. *Id.* at 10. Weaver further stated that he had read and understood the written guilty plea statement, his counsel had answered any questions regarding the statement, and he was making a knowing, voluntary and intelligent decision to plead guilty and was not forced or threatened to plead guilty. *Id.* at 12-13. Weaver stated he was not under the influence of drugs or alcohol at the time of the guilty plea hearing and was satisfied with his attorney. *Id.* at 13.

that would be imposed following the revocation of probation in another county. N.T., 4/15/2014, at 9. The trial court found Weaver was ineligible for the Recidivism Risk Reduction Incentive Program and did not grant credit for time served. *Id.* at 8-9.

Weaver did not file a post-sentence motion or a direct appeal. On April 13, 2015, Weaver filed a "Motion for Modification and/or Correction of an Illegal Sentence Pursuant to § 9760" and on May 13, 2015, Weaver filed a "Motion to Amend Petitioner[']s March 30, 2015 Motion for Correction of Illegal Sentence and Construe Under the Post Conviction Relief Act, PCRA, Sua Sponte." The PCRA court treated these motions as a PCRA petition and appointed counsel.[3] On October 2, 2015, counsel filed an application to withdraw as counsel and attached a **Turner/Finley**[4] no-merit letter.

On December 16, 2015, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's application to withdraw.[5] On January 7, 2016,

---

[3] Because Weaver's claims are cognizable under the PCRA, the PCRA court properly treated the motions as a PCRA petition. **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013) (stating that if PCRA statute offers remedy for appellant's claim, it is sole avenue of relief).

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[5] On December 7, 2015, Weaver filed a "Motion Requesting Discovery." Weaver was informed the court did not have discovery materials and that he should contact his attorney. **See** Docket at 2, **Commonwealth v. Weaver**, CP-23-CR-0000095-2014 (C.P. Delaware). *(Footnote Continued Next Page)*

Weaver filed a response to the notice. On April 14, 2016, the PCRA court denied the petition. On May 12, 2016,[6] Weaver filed a timely notice of appeal. Both Weaver and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Weaver raises the following issues on appeal:

> 1) Should the sentencing [c]ourt ignore irrefutable evidence to the innocence of [Weaver] just because he chose to take a plea agreement?[]
>
> 2) Shouldn't [Weaver's] counsel investigate into any evidence that would prove innocence to a charge?[]
>
> 3) Shouldn't [Weaver's] counsel accurately assess his client[']s calculation of time served pursuant to 42 Pa.C.S.[] § 9760?[]
>
> 4) Shouldn't [Weaver] be entitled to [c]ase [d]iscovery, [p]olice reports, [m]edical reports, ect[.,] to adequately present a full and complete defense for trial and/or for reasons on appeal?[]

Appellant's Br. at 4.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

On December 18, 2015, Appellant filed a "Motion Requesting the Honorable Court to Serve Orders Upon the District Attorney's Office for Discovery." On April 14, 2016, the PCRA court denied this motion.

[6] On May 12, 2016, Weaver filed a concise statement of matters complained of on appeal. He subsequently filed a notice of appeal. Weaver stated the date of "service by first class mail" for the notice was May 13, 2016, but the trial court stamped the notice as filed on May 18, 2016. Because Weaver filed a concise statement on May 12, 2016, which indicated he wished to appeal the PCRA court's April 14, 2016 order, we find he timely filed his appeal.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

In his first two issues, Weaver essentially claims he is not guilty of DWOPS because, at the time of the accident, his license had been restored pending appeal.[7] Appellant's Br. at 4, 8-11. Weaver attached, both to his response to the PCRA court's notice of intent to dismiss and to his appellate brief, a document he claims is the Department of Transportation driving history sheet for his license. The driving history stated: (1) the license was suspended effective March 2, 2012, with official notice mailed April 6, 2012; (2) the license was restored pending appeal on April 11, 2012; and (3) the license suspension was re-imposed effective October 8, 2013, with official notice mailed September 2, 2013. ***See*** Response to the Court's Notice of Intent to Dismiss, at Exh. A. Weaver argues this history establishes his license had been restored pending appeal at the time of the June 16, 2013, accident. Appellant's Br. at 8. He claims his counsel induced him to plead guilty to the DWOPS charge because counsel informed him that the sentence would be concurrent to the other charges (which it was) and the prosecution

_____

[7] Weaver's brief does not discuss his first issue, *i.e.*, that the PCRA court erred because it ignored evidence of his innocence. Weaver's brief, however, discusses his claim that trial counsel was ineffective for failing to investigate whether he was innocent of the DWOPS charge.

would agree to a more lenient, negotiated sentence if he pled guilty to the DWOPS charge. *Id.*

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1). Accordingly, a petitioner is ineligible for PCRA relief if he has completed serving the sentence imposed for the crime. *See Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa.Super. 2003) (finding appellant not entitled to relief where term of imprisonment for firearms violation expired, even though appellant remained imprisoned for other crimes at the same docket number).

Here, the trial court sentenced Weaver to 90 days' imprisonment for the DWOPS conviction. The trial court imposed this sentence concurrent to the sentences imposed for the remaining convictions. Because more than 90 days have passed since Weaver began serving this concurrent sentence, he is no longer serving the sentence imposed for the DWOPS conviction.

- 7 -

Therefore, he is ineligible for PCRA relief for that conviction. *See* 42 Pa.C.S. § 9543(a)(1); *Matin*, 832 A.2d at 1143.

Further, even if Weaver were able to challenge his sentence for the DWOPS conviction, his claim that counsel was ineffective because counsel induced him to plead guilty fails. To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.Super. 2014) (citation omitted). To establish the prejudice prong where an appellant has entered a guilty plea, "the appellant must demonstrate 'it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.'" *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa.Super. 2013) (quoting *Commonwealth v. Rathfon,* 899 A.2d 365, 370 (Pa.Super. 2006)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (citation omitted). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (citation omitted).

At the guilty plea hearing, Weaver stated he understood the crime to which he was pleading guilty, i.e., DWOPS due to the acceptance of ARD, a conviction for ARD, or due to the refusal to consent to a blood test after being stopped for suspicion of DUI, where he had a BAC of equal to or

greater than .02%.[8]   N.T., 4/7/2014, at 8-9.   He further agreed that a Pennsylvania State Police report indicated his license was suspended for one of the reasons listed in the statute and that this report was true and correct. *Id.* at 9-10.   Weaver cannot now seek relief on grounds that contradict the statements he made under oath at the guilty plea hearing.[9] ***Commonwealth v. Turetksy***, 925 A.2d 876, 881 (Pa.Super. 2007).

_____

[8] Section 1543(b)(1.1)(i) of the Vehicle Code provides:

> A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing . . . or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S. § 1543(b)(1.1)(i).

[9] Further, Weaver states that he raised doubts about the status of his license to his attorney prior to the guilty plea hearing.  Appellant's Br. at 5. Even with these alleged doubts, Weaver chose to take advantage of the negotiated guilty plea and agreed, under oath, that the Pennsylvania State Police records established he was driving while his operating privilege was suspended.

Weaver's claim that counsel induced him to enter the guilty plea lacks merit.[10]

Weaver next claims his counsel was ineffective for failing to provide the trial court with an accurate calculation of his time served. Appellant's Br. at 11-12. Although Weaver's PCRA petition originally sought credit for all time spent incarcerated from his arrest until his sentencing, his appellate brief seeks credit for only 7 days. *Id.* He concedes he received credit for the remaining days when the Court of Common Pleas of Chester County imposed a sentence following revocation of his probation for a separate conviction. *Id.*; Docket at 2, *Commonwealth v. Weaver,* CP-15-CR-0003642-2011 (C.P. Chester 2011) (noting Weaver was sentenced to minimum of 90 days and maximum of 23 months, with credit for time

---

[10] Weaver's concise statement of errors complained of on appeal claims his counsel failed to investigate his innocence for driving under a suspended license. (Concise Statement of Matters Complained of on Appeal at (1).) The PCRA Court did not discuss this claim in its Rule 1925(a) Opinion, but did conclude that the record

> reveal[ed] that [Weaver] entered into a knowing, intelligent, and voluntary negotiated plea in exchange for a much lesser sentence than he would have been exposed to had he went to trial and been found guilty. This court will not disturb these negotiations. Consequently, [Weaver] is not entitled to any relief.

1925(a) Opinion at 6-7. This conclusion is supported by the record and free of legal error.

served, and noting he was re-paroled effective July 18, 2014). Weaver's claim lacks merit.

The PCRA court noted that Weaver's counsel requested that the trial court not grant credit for time served, because counsel planned to request credit during a revocation proceeding in Chester County. 1925(a) Opinion, filed 5/18/2016, at 6 ("1925(a) Opinion"); N.T., 4/15/2014, at 9. The PCRA court also noted that Weaver received credit for time served at the Chester County docket. 1925(a) Opinion at 5-6. Weaver cannot receive credit for time served at both dockets. *Id.*; *see also* 42 Pa.C.S. § 9760(4) ("If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence."). The PCRA court's findings are supported by the record and free of legal error.

Weaver's final claim is that he informed his counsel he was concerned about the extent of injuries suffered by the victims and about his BAC. Appellant's Br. at 12-15. He claims his counsel failed to provide him police reports, medical records, and accident investigation reports. *Id.* at 13. Weaver claims he learned at the guilty plea hearing that the injuries sustained were not serious and claims the BAC used by the Commonwealth was based on a urine test performed three days after the accident. *Id.* at 14. Weaver's claim lacks merit.

At a January 7, 2014 preliminary hearing, which Weaver attended, the victims testified regarding their injuries. N.T., 1/7/2014, at 29-32, 39-42. The first victim's injuries included "a pinched nerve and constant pain and numbness down" his left arm and leg. *Id.* at 29. He had chest pain immediately after the accident and was no longer able to do many activities. *Id.* At the time of the hearing, the victim continued to receive treatment for nerve damage and only felt improvement when he received epidural injections, which he received about once a month. *Id.* at 30. The victim also continued to take pain medication as a result of the accident. *Id.* at 31. The first victim was unable to work for about one and one-half months following the accident. *Id.* at 32.

The second victim suffered a concussion and her left leg was "jammed[,] like you jam your finger." N.T., 1/7/2014, at 39. At the time of the hearing, the victim continued to receive injections for her leg every three-to-four weeks. The victim had discontinued physical therapy because she could no longer afford the sessions. *Id.* at 39-40. She continued to do physical therapy exercises at home. *Id.* at 39. The victim was in constant pain and continued to experience difficulty walking. *Id.* at 39, 42. She had not been able to return to work. *Id.* at 41.

In addition, police officer Michael Coverdale testified regarding the results of Weaver's urine test. Although there was confusion regarding the times and dates of the urine testing at the hearing, Weaver knew of this confusion at the preliminary hearing. N.T., 1/7/2015, at 57-69 (Officer

Coverdale testified from lab report, which contained dates and times of June 16, 2013 at 7:48 p.m. and June 19, 2013 at 11:41 p.m.). Further, at the guilty plea hearing, Weaver agreed that the results of a blood test indicated his BAC was .237%. N.T., 4/8/15, at 9. Accordingly, Weaver was aware in January 2014, three months before his guilty plea hearing, of the victim's injuries[11] and of the confusion regarding the dates of the urine test results. Therefore, his counsel ineffectiveness claim fails.[12]

Order affirmed.

---

[11] Aggravated assault by vehicle while driving under the influence is defined as: "Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury." 75 Pa.C.S. § 3735.1(a). The Vehicle Code defines "serious bodily injury" as "[a]ny bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 75 Pa.C.S. § 102.

[12] Weaver's Rule 1925(b) statement challenges the failure to supply him with case discovery. Concise Statement of Matters Complained of on Appeal at (3). The PCRA court did not discuss this issue. It did, however, conclude that Weaver entered into a "knowing, intelligent, and voluntary negotiate guilty plea in exchange for a much lesser sentence than he would have been exposed to had he went to trial and been found guilty." 1925(a) Opinion at 6-7. This conclusion is supported by the record and free from legal error.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016