J-S04045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SADIYYAH F. YOUNG | : | |
| | : | |
| Appellant | : | No. 1538 EDA 2018 |

Appeal from the PCRA Order March 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0006208-2015

BEFORE: BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 19, 2020**

Sadiyyah F. Young (Appellant) appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In this appeal, Appellant's court-appointed counsel (PCRA Counsel) filed a petition to withdraw as counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] For the reasons explained below, we grant PCRA Counsel's petition to withdraw and dismiss the appeal.

---

[1] Counsel filed an ***Anders*** brief, as opposed to a ***Turner/Finley*** letter, apparently in the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. **See** ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Generally, we accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter because an ***Anders*** brief provides greater protection to the defendant. ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

On July 1, 2015, the trial court convicted Appellant of simple assault and possession of an instrument of crime relating to Appellant's assault of her brother. That same day, the trial court sentenced Appellant to 6 to 12 months of incarceration, with credit for time served, and a concurrent term of two years of probation. Appellant filed a motion for reconsideration of sentence, which the trial court denied on August 19, 2015. Appellant did not file a direct appeal.

On July 15, 2016, Appellant filed a timely *pro se* PCRA petition. On July 18, 2017, Counsel was appointed and filed an amended petition on Appellant's behalf. On November 14, 2017, the Commonwealth filed a motion to dismiss Appellant's petition, stating that Appellant was no longer serving a sentence and was therefore ineligible for relief. On February 26, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On March 8, 2018, Appellant filed a response to the court's notice.

On March 23, 2018, the PCRA court issued an order dismissing Appellant's petition without a hearing "based on Counsel's *Finley* letter." PCRA Court Order, 3/23/18. Subsequently, on June 7, 2018, the PCRA court issued a corrected order of dismissal, vacating the March 23, 2018 order, and dismissing Appellant's PCRA petition for lack of standing.[2] PCRA Court Order, 6/7/18. This timely appeal followed.

---

[2] PCRA Counsel did not file a *Turner/Finley* letter.

On November 28, 2018, Appellant filed a *pro se* request for the appointment of counsel, and on December 26, 2018, a *pro se* appellate brief with this Court. On December 28, 2018, this Court, recognizing that Appellant was still represented by counsel, issued an order directing the Prothonotary of this Court to strike Appellant's *pro se* brief and issue a new briefing schedule. On February 27, 2019, after Counsel failed to file a brief on Appellant's behalf, this Court entered an order remanding this case back to the PCRA court to determine whether Counsel abandoned Appellant on appeal. On March 27, 2019, the PCRA court filed a responsive order, indicating that after a hearing, Counsel had not abandoned Appellant and wished to represent Appellant on appeal. Upon receiving the PCRA court's response, the Prothonotary of this Court issued a new briefing schedule.

On April 5, 2019, Counsel requested an extension of time to file an appellate brief. We granted Counsel's request, but stated that no further extensions would be granted. Counsel failed to file a brief by the stated deadline, and on June 12, 2019, we remanded the matter to the PCRA court, directing that Counsel be removed as attorney for Appellant. We also instructed the PCRA court to appoint new counsel for Appellant within 30 days.

On August 5, 2019, PCRA Counsel entered his appearance. On September 16, 2019, PCRA Counsel filed a petition to withdraw and **Anders** brief with this Court. On September 27, 2019, this Court issued an order explaining that PCRA Counsel failed to attach to his petition to withdraw a letter to Appellant, informing her of her right to retain counsel or proceed *pro*

*se* in this appeal. We directed PCRA Counsel to comply with the technical requirements of **Anders** within 14 days. On October 1, 2019, Appellant filed a response to PCRA Counsel's petition to withdraw, raising 12 additional claims for our review.

On October 22, 2019, PCRA Counsel filed a revised petition to withdraw and **Anders** brief. In his petition to withdraw, PCRA Counsel explains his conclusion, that "[a]fter a careful review of the record in this matter, undersigned counsel has determined there is no non-frivolous issue which may be presented to the Court." Petition to Withdraw, 10/22/19, at ¶ 2. In addition, PCRA Counsel represented that he furnished a copy of the brief to Appellant and advised Appellant of her right to retain new counsel or act on her own behalf to raise additional arguments or points for this Court's consideration. In addition to fulfilling the technical requirements of **Anders/Santiago**, PCRA Counsel also recognized that Appellant is ineligible for relief because she is no longer serving the underlying sentence. We agree with PCRA Counsel's assessment of this appeal, and dismiss it because Appellant does not meet the PCRA eligibility requirements.

To be eligible for relief under the PCRA, a petitioner must be "(i) currently serving a sentence of imprisonment, probation or parole for the crime; (ii) awaiting execution of a sentence of death for the crime; or (iii) serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1).

- 4 -

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought.  **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition"), and **Commonwealth v. Matin**, 832 A.2d 1141 (Pa. Super. 2003) ("A petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed.").  As our Supreme Court explained in **Ahlborn**, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute.  **Ahlborn**, 699 A.2d at 720.  Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole.  **Id.**  To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA.  **Id.**

Here, the record reflects that Appellant finished serving her maximum sentence on July 6, 2017; consequently, she is ineligible for collateral relief.  **See** 42 Pa.C.S.A. § 9543 (a)(1)(i) (requiring, *inter alia*, proof that the petitioner is "currently serving a sentence of imprisonment, probation or parole for the crime").  Accordingly, this appeal must be dismissed.  **See Ahlborn**, **supra**.

PCRA Counsel's petition to withdraw granted.  Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/20