J-S17045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC RAMBERT | |
| Appellant | No. 2442 EDA 2021 |

Appeal from the PCRA Order entered October 13, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0625331-1983

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 21, 2022**

Appellant Eric Rambert appeals from the October 13, 2021 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm, albeit on a different basis than the PCRA court.[1]

The facts and procedural history of this case are undisputed.[2]  On May 31, 1983, Appellant broke into the home of a seventy-five-year-old woman.

---

[1] "This Court may affirm a PCRA court's decision on any grounds if the record supports it."  **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa. Super. 2018) (citation omitted), **appeal denied**, 208 A.3d 64 (Pa. 2019).

[2] Unless otherwise specified, the facts of this case come from this Court's September 17, 2018 Memorandum decision issued in connection with Appellant's tenth PCRA petition.  **Commonwealth v. Rambert**, 198 A.3d
(Footnote Continued Next Page)

He then robbed and violently raped her. On November 21, 1983, Appellant entered a negotiated guilty plea to rape, involuntary deviate sexual intercourse, burglary, robbery and conspiracy. On the same date, he was sentenced to an aggregate term of 10 to 25 years' imprisonment. Neither a motion to withdraw the guilty plea nor a direct appeal was filed. Appellant filed his first petition seeking collateral relief under the former provisions of the Post Conviction Hearing Act ("PCHA") on July 17, 1984. On June 11, 1985, the PCHA court dismissed the petition without a hearing. On appeal, the Superior Court affirmed the denial of post-conviction relief on June 30, 1986. *See Commonwealth v. Rambert*, 513 A.2d 1078 (Pa. Super. 1986) (unpublished memorandum).

On July 28, 1999, Appellant filed a second PCRA petition, *pro se*. The PCRA court dismissed his petition as untimely on September 29, 1999, and the Superior Court affirmed on that basis. *See Commonwealth v. Rambert*, 766 A.2d 891 (Pa. Super. 2000) (unpublished memorandum). Prior to the disposition of the above appeal, Appellant filed a third petition, *pro se*, on May 22, 2000. The PCRA court dismissed the petition without prejudice on August 10, 2000.

His next PCRA petition, his fourth, was filed on January 8, 2003. The PCRA court dismissed the petition as untimely and this Court affirmed on

*(Footnote Continued)* ─────────────

457 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 205 A.3d 1231 (Pa. 2019).

April 13, 2004. *See Commonwealth v. Rambert*, 852 A.2d 1252 (Pa. Super. 2004) (unpublished memorandum). On July 9, 2004, Appellant filed his fifth *pro se* PCRA petition. The PCRA court dismissed the petition as untimely on April 13, 2005 and the Superior Court affirmed on December 7, 2005. *See Commonwealth v. Rambert*, 894 A.2d 822 (Pa. Super. 2005) (unpublished memorandum). Appellant's next two PCRA petitions, his sixth and seventh, were filed on November 7, 2007 and May 27, 2008, the latter of which was dismissed as untimely on December 24, 2009.

Appellant's eighth PCRA petition was filed *pro se* on July 29, 2010. He also submitted numerous supplemental petitions from March 2013 through May 2014. The PCRA court dismissed Appellant's petition as untimely on June 24, 2015. On July 8, 2016, the Superior Court affirmed the dismissal. *See Commonwealth v. Rambert*, 154 A.3d 847 (Pa. Super. 2016) (unpublished memorandum). The Pennsylvania Supreme Court denied *allocatur* on October 26, 2016. *See Commonwealth v. Rambert*, 160 A.3d 762 (Pa. 2016).

While the previous appeal was pending, Appellant filed his ninth *pro se* PCRA petition on July 9, 2015. The PCRA court thereafter dismissed his petition as premature on November 9, 2015. On May 31, 2016, the Superior Court affirmed the dismissal. *See Commonwealth v. Rambert*, 151 A.3d 1162 (Pa. Super. 2016) (unpublished memorandum).

On July 14, 2016, Appellant filed his tenth *pro se* PCRA petition, which the PCRA court dismissed as untimely on October 23, 2017. We affirmed

the dismissal on September 17, 2018. **See supra** note 2. Our Supreme Court denied his petition for allowance of appeal on April 2, 2019. **Commonwealth v. Rambert**, 205 A.3d 1231 (Pa. 2019).

Appellant *pro se* filed the instant, his eleventh, PCRA petition on May 14, 2019, nearly 36 years after he was sentenced to 10 to 25 years' imprisonment in 1983. He amended the petition on June 8, 2020. Following the issuance of a Pa.R.Crim.P. 907 notice, the PCRA court dismissed as untimely Appellant's instant petition for relief on October 13, 2021. On October 25, 2021, Appellant *pro se* filed a notice of appeal. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925 statement of errors complained of on appeal.

On appeal,[3] Appellant challenges, *inter alia*, the PCRA court's dismissal of this eleventh PCRA petition. **See** Appellant' Brief at 2.

At the outset, before we may review the merits of this case, we must consider whether Appellant is eligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a

_____

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based on our review of the record, we agree with the Commonwealth that Appellant does not meet any of the foregoing eligibility requirements as he had completed his 10 to 25 years' prison sentence sometime in 2008, more than a decade before he filed the instant petition.[4] As a result, and consistent with **Ahlborn**, he does not meet the eligibility requirements outlined in Section 9543(a). Accordingly, we do not have jurisdiction over this appeal. Appellant does not obtain relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 7/21/2022

_____

[4] Appellant currently is serving a sentence for unrelated crimes that he committed in January 27, 1987 while in Allegheny County Prison. Specifically, on August 26, 1987 a jury convicted him of assault by a prisoner, riot and conspiracy and the trial court sentenced him to 6 to 25 years' imprisonment at docket number 2765-1983. The instant petition is unrelated to these subsequent charges.