J-S10031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOZAY ANGELO ROYAL | : | |
| | : | |
| Appellant | : | No. 1250 EDA 2022 |

Appeal from the PCRA Order Entered April 18, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-CR-0000580-2020

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 23, 2023**

Appellant Hozay Angelo Royal *pro se* appeals from the April 18, 2022 order of the Court of Common Pleas of Montgomery County ("PCRA court"), which dismissed his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by the PCRA court:

> On October 10, 2019, [Appellant] stole merchandise in the amount of $150.00 from the Macy's Department Store in King of Prussia, Pa.  On October 1, 2021, [Appellant] entered into a negotiated guilty plea in which he pled guilty to one (1) count of retail theft[, 18 Pa.C.S.A. § 3929(a)(1)].  That same date, as part of the plea agreement, the court imposed a sentence of two (2) years of probation.  [The court directed that the probationary sentence commence on January 30, 2020 and was to run concurrent to a sentence imposed under Montgomery County Docket Number 5423-2018, which related to another retail theft

conviction.[1]   Appellant] did not file any timely post-sentence motions or a notice of appeal.

On December 29, 2021, [Appellant] filed an untimely post-sentence motion "for a new trial on the ground of after-discovered evidence."  Considering [his] judgment of sentence had already become final on November 1, 2021, the court recognized the post-sentence motion as a [timely, first] PCRA petition.

 . . . .

On January 5, 2022, the court appointed PCRA counsel.  On January 9, 2022, [Appellant] filed a "Second Supplement to Post-Sentence Motion for a New Trial on the Ground of After Discovered Evidence."  On March 2, 2022, counsel filed a "no-merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), together with a petition for leave to withdraw appearance as court appointed counsel for [Appellant].  On March 16, 2022, the court filed its notice of intent pursuant to Pa.R.Crim.P. 907(1) of its intention to dismiss [Appellant's] PCRA petition filed December 29, 2021 without a hearing ("Rule 907 Notice").  That same date, the court granted PCRA counsel's petition for leave to withdraw appearance.  . . .  On April 6, 2022, [Appellant] filed a response to the court's Rule 907 Notice.  On April 18, 2022, the court dismissed [Appellant's] PCRA petition without an evidentiary hearing.  On May 3, 2022, [Appellant] filed a timely notice of appeal.[2]

PCRA Court Opinion, 7/1/22, at 1-2 (footnotes and unnecessary capitalizations omitted).

---

[1] **See** N.T., Guilty Plea, 10/1/22, at 49, 56-57.

[2] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal,[3] Appellant claims only that the PCRA court erred "in accepting a guilty plea when it did not have jurisdiction or authority to adjudicate the case[.]"  Appellant's Brief at 2.

Preliminarily, we note that the PCRA court properly treated Appellant's untimely post-sentence motion—filed nearly two months after his judgment of sentence became final—as one falling under the PCRA.  The plain language of the PCRA provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose."  42 Pa.C.S.A. § 9542.  Cognizant of the stated purpose of the PCRA, we have held that any petition filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA provides for a potential remedy.  *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) ("all motions filed after a judgment of sentence is final are to be construed as PCRA petitions") (citation omitted).  Accordingly, the PCRA court did not err in treating as a PCRA petition Appellant's untimely post-sentence motion.

We now must consider whether Appellant is eligible for relief under the PCRA, before we may review the merits of this case.  To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of

---

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court consistently have interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based upon our review of the record, we agree with the PCRA court's and the Commonwealth's analysis that Appellant's sentence of two years' probation expired on January 30, 2022. As a result, he does not meet any of the foregoing eligibility requirements outlined in Section 9543(a) of the PCRA. Thus, consistent with **Ahlborn**, he is ineligible for collateral relief and we, accordingly, do not have jurisdiction over this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2023