J-S35041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LANCE GREEN | : | |
| | : | |
| Appellant | : | No. 196 MDA 2023 |

Appeal from the PCRA Order Entered March 7, 2016
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001989-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LANCE GREEN | : | |
| | : | |
| Appellant | : | No. 197 MDA 2023 |

Appeal from the PCRA Order Entered March 7, 2016
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002049-2011

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: NOVEMBER 29, 2023**

Appellant, Lance Green, appeals *pro se* from a March 7, 2016 order of the Court of Common Pleas of Lackawanna County that granted in part and

_____

[*] Retired Senior Judge assigned to the Superior Court.

denied in part his Post Conviction Relief Act (PCRA)[1] petitions in two criminal cases.  For the reasons set forth below, we hold that Appellant is not entitled to relief in either appeal.

In 2011, Appellant was charged in CP-35-CR-0001989-2011 (CR-0001989-2011) with possession of a controlled substance with intent to deliver (PWID) and other drug offenses arising out of his possession of 30 baggies of crack cocaine in July 2011.  CR-0001989-2011 Criminal Information.  Appellant was charged in CP-35-CR-0002049-2011 (CR-0002049-2011) with delivery of a controlled substance, two counts of criminal use of a communication facility, and other drug offenses arising out of sales of Ecstasy pills in 2010.  CR-0002049-2011 Criminal Information.  On March 23, 2012, Appellant entered negotiated guilty pleas to the PWID charge in CR-0001989-2011 and to one count of criminal use of a communication facility in CR-0002049-2011, and the other charges in both cases were *nolle prossed*. ***Commonwealth v. Green (Green I)***, No. 1353 MDA 2012, slip op. at 1-2 (Pa. Super. June 18, 2014) (unpublished memorandum); CR-0001989-2011 Docket at 4; CR-0002049-2011 Docket at 4; Written Guilty Plea Colloquy.  On June 19, 2012, the trial court sentenced Appellant to 27 to 60 months in prison followed by two years of special probation for PWID and to a consecutive term of 18 to 36 months in prison followed by two years of special probation for

_____

[1] 42 Pa.C.S. §§ 9541–9546.

criminal use of a communication facility. **Green I**, No. 1353 MDA 2012, slip op. at 2.

Appellant filed a counseled motion for reconsideration of his sentence, which the trial court denied without a hearing, and a timely *pro se* notice of appeal. **Green I**, No. 1353 MDA 2012, slip op. at 2-3. Appellant, who was granted permission to proceed *pro se* following a **Grazier** hearing,[2] argued in that appeal that his sentence in CR-0002049-2011 violated a plea agreement that he would be sentenced to probation in that case and that his guilty pleas in both cases were involuntary. **Green I**, No. 1353 MDA 2012, slip op. at 3-4. On June 18, 2014, this Court affirmed Appellant's judgments of sentence on the grounds that no valid motion or request to withdraw the pleas was made in the trial court. **Id.** at 10-11. Appellant did not file a petition for allowance of appeal.

On August 7, 2014, Appellant filed a timely *pro se* first PCRA petition. In this PCRA petition, Appellant asserted that the sentence in CR-0002049-2011 violated his plea agreement that he would be sentenced to probation and that his plea in CR-0001989-2011 was invalid because his sentence violated an agreement that no mandatory minimum sentence would be imposed and because counsel advised him that the maximum sentence that he could receive for that offense was 20 years' imprisonment. PCRA Petition

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

at 4 & attached pages 4-1 – 4-2. Appellant asserted that he was entitled to relief on these claims because his counsel was ineffective in failing to file a motion to withdraw the pleas, which waived these challenges to the validity of the pleas. *Id.* at 4-2. The PCRA court appointed PCRA counsel for Appellant, and PCRA counsel on November 26, 2014 filed a motion to withdraw and a no-merit letter.

On March 7, 2016, the PCRA court issued and filed the order from which Appellant appeals here. In this order, the PCRA court granted Appellant relief on his claim concerning his sentence in CR-0002049-2011, vacated his sentence in that case, and resentenced him in that case to three years of probation consecutive to his sentence in CR-0001989-2011. PCRA Court Order, 3/7/16, at 1; *Commonwealth v. Green (Green II)*, No. 1337-1338 MDA 2021, slip op. at 2-3 (Pa. Super. January 6, 2023) (unpublished memorandum). The PCRA court in this order denied all of the other claims for relief that Appellant asserted in his PCRA petition and granted PCRA counsel's motion to withdraw. PCRA Court Order, 3/7/16, at 1-2. Appellant filed no appeal from the March 7, 2016 Order within 30 days or at any time before 2023.

Appellant completed serving his sentence in CR-0001989-2011 in July 2018, having been released on parole for the PWID conviction on March 21, 2016 with a maximum parole sentence date of July 21, 2016 and having begun serving the two-year probationary portion of that sentence immediately

thereafter. **_Green II_**, No. 1337-1338 MDA 2021, slip op. at 10. In 2020, the Commonwealth filed charges that Appellant had violated his probation in both CR-0001989-2011 and CR-0002049-2011 based on conduct that allegedly began in 2016, and the trial court held a probation revocation hearing on February 1, 2021. **_Id._** at 5-7, 10. On September 14, 2021, the trial court ordered Appellant's probation revoked in both cases and imposed new sentences of two years' probation in CR-0001989-2011 and 18 to 36 months in prison followed by two years' probation in CR-0002049-2011. **_Id._** at 7. Appellant timely appealed from the probation revocation sentences, and on January 6, 2023, this Court vacated the probation revocation sentences on the ground that Appellant's right to a speedy probation revocation hearing was violated where the hearing was held four years after the initial violation occurred and two years after his supervision in CR-0001989-2011 expired. **_Id._** at 8-15.

On February 3, 2023, almost seven years after the March 7, 2016 Order ruling on his PCRA petition, Appellant filed the instant appeals from that order in both CR-0001989-2011 and CR-0002049-2011. This Court consolidated these appeals _sua sponte_ on May 31, 2023. Appellant argues in these appeals that the PCRA court erred in rejecting his claims of violation of his plea agreement and his claim that counsel was ineffective for allegedly inaccurately

advising him concerning the maximum sentence for the PWID count to which he pled guilty in CR-0001989-2011. Appellant's Brief at 12-13, 15.[3]

These appeals both clearly appear to be facially untimely, and the Commonwealth[4] and the PCRA court in its Pa.R.A.P. 1925(a) statement assert that the appeals must be quashed because they were filed years after Pa.R.A.P. 903(a)'s 30-day deadline for filing a notice of appeal expired. Appellant in response argues, *inter alia*, that the appeals are not untimely because the dockets in these cases do not state that the order was sent to him. Appellant's Brief at 11, 16-17.

Rule 114 of the Pennsylvania Rules of Criminal Procedure requires that the court serve a copy of any order on each party's attorney and unrepresented parties and provides:

(C) Docket Entries

(1)  Docket entries promptly shall be made.

---

[3] Appellant in his brief also argues that his counsel was ineffective for failing to challenge his pleas and makes assertions of ineffectiveness of counsel with respect to his direct appeal. Appellant's Brief at 5, 11-15. Those contentions, however, are claims of ineffectiveness of counsel in failing to assert and preserve the above claims that his pleas were invalid, not claims of additional or different bases for permitting Appellant to withdraw his guilty pleas. Moreover, the record is clear that there can be no basis for a claim of ineffective assistance of counsel with respect to Appellant's direct appeal, as Appellant chose to and was permitted to represent himself in that appeal. **Green I**, No. 1353 MDA 2012, slip op. at 3.

[4] The Commonwealth moved to quash the appeals on this ground, and this Court denied the motion without prejudice to the Commonwealth's right to raise this issue for consideration by the merits panel in its brief, 6/23/23 Order, which the Commonwealth has done.

> (2)    The docket entries shall contain:
>
> (a)    the date of receipt in the clerk's office of the order or court notice;
>
> (b)    the date appearing on the order or court notice; and
>
> (c)    the date of service of the order or court notice.

Pa.R.Crim.P. 114(B), (C).   Although the March 7, 2016 Order bears the notation that a copy was being sent to Appellant as well as to his PCRA counsel, who had been granted leave to withdraw, PCRA Court Order, 3/7/16, at 2-3, the dockets in both of these cases state only that the order was filed on March 7, 2016 and contain no notation that the order was served on Appellant or on any other party or the date of such service.   CR-0001989-2011 Docket at 12; CR-0002049-2011 Docket at 12.

In **Commonwealth v. Midgley**, 289 A.3d 1111 (Pa. Super. 2023), this Court held that if the docket fails to contain the notation of service required by Rule 114, an appeal filed more than 30 days after the order is filed is timely because the time in which to take an appeal never began to run.  **Id.** at 1115-17.  The untimeliness in **Midgley** and the cases on which **Midgley** relied bears no resemblance to the extreme delay in this case.  **Id.** at 1115, 1117 (appeal was filed 45 days after date of order and record indicated that only prior counsel and not *pro se* appellant was served); **Commonwealth v. Jerman**, 762 A.2d 366, 367 (Pa. Super. 2000) (appeal was filed 62 days after date of order); **Commonwealth v. Cash**, No. 1294 WDA 2021 (Pa. Super. May 13,

2022) (unpublished memorandum) (appeal was filed 38 days after date of order and docket indicated that order was sent only to appellant's prior counsel and not to appellant, who was *pro se*); **Commonwealth v. Martin**, No. 970 WDA 2021 (Pa. Super. May 24, 2022) (unpublished memorandum) (appeal was filed 31 days after date of order). However, the holding in **Midgley** that the appeal period does not begin to run if the docket fails to note service in compliance with Rule 114 contains no exception based on the length of delay or lack of diligence of the appellant and no exception permitting inquiry into when the appellant was in fact served. Because this Court's precedential opinion in **Midgley** holds that the absence of the Rule 114 notation of service on the docket prevents the appeal period from running and there is no notation on either docket here of service on Appellant, these appeals are not barred as untimely.

Nonetheless, Appellant's more than six-year delay in appealing the March 7, 2016 Order is not without consequences in one of his two appeals. The PCRA provides that, except in PCRA petitions based on DNA evidence, a defendant can be eligible for PCRA relief only if he

> has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; [or]
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence ….

42 Pa.C.S. § 9543(a)(1). Where a defendant filed a PCRA petition while he was serving a sentence but has completed serving his sentence before a court grants his PCRA petition, he is no longer serving his sentence and cannot be granted PCRA relief. 42 Pa.C.S. § 9543(a)(1); **Commonwealth v. Ahlborn**, 699 A.2d 718, 720-21 (Pa. 1997); **Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa. Super. 2003).

Here, Appellant completed serving his sentence in CR-0001989-2011 in July 2018. **Green II**, No. 1337-1338 MDA 2021, slip op. at 10. Although the trial court revoked Appellant's probation in that case for alleged violations that occurred before he completed serving that sentence, this Court vacated that probation revocation and Appellant therefore is no longer serving any sentence in CR-0001989-2011. **Id.** at 7-15. Accordingly, Appellant is no longer eligible for PCRA relief in CR-0001989-2011, and his PCRA petition in that case could not be granted even if this Court concluded that the PCRA court erred in denying relief in its March 7, 2016 Order. **Commonwealth v. Plunkett**, 151 A.3d 1108, 1109, 1112-113 (Pa. Super. 2016) (defendant could not be granted PCRA relief even though he was still serving his sentence when he filed the PCRA petition and the PCRA court denied the PCRA petition where he completed serving his sentence while appeal from denial was pending); **Matin**, 832 A.2d at 1142-43 (denial of PCRA petition on remand after reversal of earlier denial of PCRA relief was required because defendant

finished serving his sentence for the conviction in question before the case returned to the PCRA court). Because Appellant cannot be granted PCRA relief in CR-0001989-2011, the denial of PCRA petition in that case must be affirmed. ***Plunkett***, 151 A.3d at 1113.

It does not, however, appear from the record before us that Appellant has completed serving his sentence in CR-0002049-2011. Because Appellant finished serving his sentence in CR-0001989-2011 in July 2018 and his sentence in CR-0002049-2011 was consecutive to that sentence, ***Green II***, No. 1337-1338 MDA 2021, slip op. at 2-3, 10, Appellant began serving his three-year probation sentence in CR-0002049-2011 in July 2018. Although Appellant would have finished serving his sentence CR-0002049-2011 in July 2021, the probation violation charges were filed in 2020, before he completed serving that sentence and the trial court ordered that Appellant was to serve his sentence for a new conviction prior to his sentence in CR-0002049-2011. ***Id.*** at 6-7, 14. We therefore do not find that Appellant's appeal in CR-0002049-2011 is barred on the grounds that he is no longer serving his sentence.

Appellant's appeal in CR-0002049-2011 instead fails because he lacks standing to appeal the PCRA court's ruling in that case. The only PCRA claim that Appellant made in CR-0002049-2011 was that his sentence in that case, which included a term of imprisonment, violated his plea agreement, which provided that he would be sentenced to probation. PCRA Petition at 4 &

attached pages 4-1 – 4-2.   The PCRA court granted the relief sought by that claim in its March 7, 2016 Order.  PCRA Court Order, 3/7/16, at 1.

Only an aggrieved party can appeal from an order.  Pa.R.A.P. 501; ***Commonwealth v. Polo***, 759 A.2d 372, 373 n.1 (Pa. 2000); ***Commonwealth v. Fitzpatrick***, 159 A.3d 562, 571 (Pa. Super. 2017).  A prevailing party is not aggrieved and does not have standing to appeal an order that granted him the relief that he sought.  ***Polo***, 759 A.2d at 373 n.1; ***Fitzpatrick***, 159 A.3d at 571-72; ***Commonwealth v. Ellis***, No. 2923 EDA 2018, slip op. at 4-5 (Pa. Super. February 4, 2020).  Because the PCRA court granted Appellant relief on his sole claim for PCRA relief in CR-0002049-2011, Appellant is not aggrieved by the March 7, 2016 Order in that case and we must quash Appellant's appeal in that case for lack of standing.  ***Ellis***, No. 2923 EDA 2018, slip op. at 4-6 (quashing appeal of PCRA order for lack of standing where PCRA court granted the only relief that the defendant sought).[5]

_____

[5] We additionally note that even if Appellant had asserted the claim of inaccurate advice concerning the maximum sentence for his PWID plea, on which he did not prevail, as a ground for relief in CR-0002049-2011, that claim would fail on the merits.  Counsel advised Appellant that the maximum sentence that he could receive for the PWID charge to which he pled guilty in CR-0001989-2011 was 20 years' imprisonment.  Written Guilty Plea Colloquy at 3.  The maximum sentence for the PWID offense to which Appellant pled guilty is 10 years if it is a first offense.  35 P.S. § 780-113(f)(1.1).  However, the maximum sentence for any subsequent PWID conviction is twice the maximum authorized for a first offense.  35 P.S. § 780-115(a) ("Any person convicted of a second or subsequent offense under clause (30) of subsection
*(Footnote Continued Next Page)*

For the foregoing reasons, we conclude that the March 7, 2016 Order in CR-0001989-2011 must be affirmed because Appellant is no longer eligible for PCRA relief and that Appellant lacks standing to appeal March 7, 2016 Order in CR-0002049-2011. We accordingly affirm the PCRA court's order in CR-0001989-2011 and quash Appellant's appeal in CR-0002049-2011.

Order in CR-0001989-2011 affirmed, appeal in CR-0002049-2011 quashed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/29/2023

---

(a) of section 13 of this act or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both"). Because Appellant had previously been convicted of PWID in 2005 and 2006, PCRA Court Order, 3/7/16, at 2 n.1, counsel's advice that Appellant's maximum PWID sentence was 20 years was in fact accurate and could not have made Appellant's plea in either case involuntary.