**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Rashid MATIN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 7, 2003.

Filed Sept. 16, 2003.

Aaron C. Finestone, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: LALLY–GREEN, BOWES, and OLSZEWSKI, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Rashid Matin, appeals from the order entered on August 6, 2002, disposing of his first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. The PCRA court denied Appellant's petition without a hearing, following proper notice, on the merits and because Appellant was ineligible for relief because he had finished serving his sentence. We affirm.

¶ 2 On January 26, 1995, Appellant pled guilty to two counts of robbery, and one count each of criminal conspiracy and possessing a firearm without a license. Immediately thereafter, Appellant was sentenced to an aggregate term of imprisonment of 6 to 20 years, with all sentences running concurrently. The sentence imposed for the firearms violation was imprisonment for 2½ to 5 years.

¶ 3 Appellant did not pursue a direct appeal but filed a PCRA petition on December 19, 1996. Counsel was appointed, but filed a "no-merit" brief.[1] On April 6, 1998, the PCRA court dismissed the petition. Appellant appealed. On September 14, 1999, this Court reversed and remanded the case, finding that one of Appellant's issues held arguable merit. *Commonwealth v. Matin*, 747 A.2d 416 (Pa.Super.1999) (unpublished memorandum). The issue of arguable merit was Appellant's argument that trial counsel was ineffective for advising him to plead guilty to the firearms violation when Appellant had not possessed any firearm during the robbery.

■ ¶ 4 When the case returned to the PCRA court for consideration of the issue,

---

1. *See, Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v.* *Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

Appellant's sentence for the firearms conviction had expired. Consequently, the PCRA court found that Appellant was no longer eligible for PCRA relief on any issue attacking this conviction and again dismissed his petition. We are constrained to agree with the PCRA court's analysis.

█ ¶ 5 A petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed. *Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718 (1997). Appellant was sentenced on January 28, 1995 to a term of imprisonment of 2½ to 5 years for the firearms violation. Appellant has, thus, completed serving the sentence on the crime for which he seeks relief. Appellant cannot now obtain relief on the firearms conviction.

¶ 6 Order affirmed.