J-S39011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL WILSON, | |
| Appellant | No. 409 EDA 2014 |

Appeal from the PCRA Order January 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010373-2012

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JUNE 30, 2015**

Michael Wilson appeals from the January 2, 2014 order entered by the court below denying his post-conviction writ of *habeas corpus*, which the court treated as a petition filed pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

Appellant entered a guilty plea to multiple counts of driving under the influence on January 25, 2013.  That same date, the court sentenced Appellant to three to six months incarceration.  On March 15, 2013, Appellant filed a motion to withdraw his guilty plea followed by an April 4, 2013 petition for *habeas corpus*, which the court treated as a PCRA petition.  The PCRA court appointed counsel on May 7, 2013, and substitute PCRA counsel the following day.  PCRA counsel filed a no-merit letter and petition

to withdraw on July 20, 2013. Therein, counsel set forth that Appellant's sentence would expire on July 25, 2013, and he would no longer be eligible for relief. In addition, counsel addressed the merits of Appellant's allegation that his sentence in this case was ordered to run concurrent to sentences on other matters from Delaware County, and concluded there was no support in the record for the claim.

The court issued Pa.R.Crim.P. 907 notice of intent to dismiss on November 25, 2013. The court issued a final order on January 2, 2014, and permitted counsel to withdraw. Appellant filed a timely *pro se* appeal. Despite counsel being permitted to withdraw, the court appointed new counsel.[1] Appellant's sole issue on appeal is, "Did the Lower Court err in dismissing the PCRA hearing [sic] without a hearing?" Appellant's brief at 4. Appellant, however, concedes that he is no longer serving his sentence. Accordingly, he is not entitled to PCRA relief. **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997); **Commonwealth v. Williams**, 977 A.2d 1174 (Pa.Super. 2009); **Commonwealth v. Matin**, 832 A.2d 1141 (Pa.Super. 2003); **Commonwealth v. Fisher**, 703 A.2d 714 (Pa.Super. 1997).

Order affirmed.

---

[1] This Court has previously remarked that it is improper to appoint new counsel for purposes of appeal after initial counsel has been properly permitted to withdraw. **See Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015