J. S25005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
RICHARD TODD BAKER, : No. 381 WDA 2015
:
Appellant :


Appeal from the PCRA Order, February 2, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0002132-2012


BEFORE: FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:    **FILED MARCH 30, 2016**

Richard Todd Baker appeals from the order of February 2, 2015, dismissing his petition for post-conviction collateral relief filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 16, 2012, appellant entered a plea of ***nolo contendere*** to two counts of driving under the influence ("DUI") and one count of driving while operating privilege is suspended -- DUI related.[1] Appellant received an aggregate sentence of 180 days of intermediate punishment (house arrest) and three years of probation, with both punishments commencing November 16, 2012. Appellant did not take a direct appeal; however, a timely PCRA petition seeking to withdraw his plea was filed on June 21,

---

[1] 75 Pa.C.S.A. §§ 3802(b), 3802(a)(1), and 1543(b)(1.1)(i).

2013. On February 2, 2015, following Pa.R.Crim.P. 907 notice, appellant's petition was dismissed without a hearing. This timely appeal followed.

Appellant was sentenced on November 16, 2012, to 180 days' house arrest and three years' probation, to run concurrently from the date of sentencing. Therefore, it appears that appellant is no longer serving his sentence. If so, then he is ineligible for PCRA relief. Our supreme court has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Matin***, 832 A.2d 1141, 1143 (Pa.Super. 2003), ***appeal denied***, 843 A.2d 1237 (Pa. 2004).

Appellant's sentence should have expired on or about November 16, 2015. The Commonwealth states in its brief on appeal that it has examined the certified record in this case and found no indication that appellant's sentence was stayed or extended in any manner. (Commonwealth's brief at 15.) It is the petitioner's burden to plead and prove that he is currently serving a sentence in order to be eligible for relief. 42 Pa.C.S.A. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of

the following: (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/30/2016