J-S62017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN ROSADO-SALGADO | |
| Appellant | No. 389 MDA 2017 |

Appeal from the PCRA Order February 13, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000506-2015

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED DECEMBER 18, 2017**

Benjamin Rosado-Salgado appeals from the February 13, 2017 order of the Lebanon County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 6, 2015, a jury convicted Rosado-Salgado of possession of a controlled substance, tampering with or fabricating physical evidence, and obstructing administration of law or other governmental function.[1]  On September 23, 2015, the trial court sentenced Rosado-Salgado to three concurrent sentences of 234 days to 23 months' incarceration, time served.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 4910(1), and 18 Pa.C.S. § 5101, respectively.

Rosado-Salgado filed a post-sentence motion, which the trial court denied on January 14, 2016. On January 22, 2016, Rosado-Salgado filed a timely notice of appeal. On June 1, 2016, this Court dismissed Rosado-Salgado's appeal for failure to file a brief. On December 13, 2016, Rosado-Salgado filed a counseled PCRA petition. On February 13, 2017, the PCRA court dismissed Rosado-Salgado's petition without a hearing. Rosado-Salgado filed a timely notice of appeal.

On appeal, Rosado-Salgado raises the following issue: "Whether the PCRA Court erred in denying [his] PCRA petition without a hearing[.]" Rosado-Salgado's Br. at 4.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> (ii) awaiting execution of a sentence of death for the crime; or
>>
>> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1). Accordingly, a petitioner is ineligible for PCRA relief if he has completed serving the sentence imposed for the crime. **See Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa.Super. 2003) (finding appellant not entitled to relief where term of imprisonment for firearms violation expired, even though appellant remained imprisoned for other crimes at the same docket number).

Here, the PCRA court found that:

> [Rosado-Salgado] was sentenced to time served (234 days) to twenty-three (23) months in this action on September 23, 2015. His application for parole was granted and he was released from incarceration by Order of October 15, 2015. The record of this matter reveals no parole violations and [Rosado-Salgado]'s maximum sentence expired on or about January 1, 2017. Our review of the docket reveals that at the time we entered this Order, [Rosado-Salgado] was incarcerated on other charges. (See CP-38-CR-1885-2016)[.] Because [Rosado-Salgado] was not currently serving a sentence for the crimes involved in this action, we find no error in our dismissal of his PCRA Petition without a hearing pursuant to 42 Pa.C.S.A. § 9543(a)(1)(i).

PCRA Ct. Op., 4/7/17, at 2 (unpaginated). We agree.

Because Rosado-Salgado is no longer serving the sentence imposed for the aforementioned convictions, the PCRA court did not err in dismissing the petition. **See** 42 Pa.C.S. § 9543(a)(1); **Matin**, 832 A.2d at 1143.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017