J-S49019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MALIK J. MERCADO | |
| Appellant | No. 2454 EDA 2018 |

Appeal from the PCRA Order entered July 20, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1002571-2005

BEFORE:  BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                 **FILED NOVEMBER 18, 2019**

Appellant, Malik J. Mercado, appeals from the July 20, 2018 order of the Court of Common Pleas of Philadelphia County, which dismissed his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The relevant background of the instant appeal can be summarized as follows.[1]  Following a non-jury trial before Judge Willis W. Berry,[2] on October 3, 2007, Appellant was sentenced to an aggregate sentence of 6 to 12 months'

_____

* Former Justice specially assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from the PCRA court's February 26, 2019 opinion filed pursuant to Pa.R.A.P. 1925(a).

[2] On July 10, 2007, the trial court found Appellant guilty of robbery, theft (unlawful taking), theft (receiving stolen property), possession of an instrument of crime, terroristic threats, and simple assault.

county incarceration plus 6 years' reporting probation, with immediate parole and credit for time served.

On August 7, 2008, Appellant appeared before Judge Berry for a parole violation hearing. After finding Appellant in direct and technical violation, Judge Berry sentenced Appellant to 2 to 4 years' state incarceration plus 3 years' reporting probation.

On June 23, 2009, Appellant filed *pro se* the instant PCRA petition, which was amended by appointed counsel on June 10, 2011, alleging ineffective assistance of counsel at trial.

Inexplicably, the PCRA court did not take any action on Appellant's PCRA petition until 2018, when the petition was assigned to Judge Genece E. Brinkley.[3]

On May 22, 2018, the PCRA court sent Appellant a notice of its intention of dismissing Appellant's petition due to lack of eligibility under the PCRA. The notice was returned to the PCRA court marked as "attempted/unknown." On June 21, 2018, the notice was sent to an updated address.

On July 21, 2018, the PCRA court dismissed Appellant's PCRA petition, without holding a hearing. This appeal followed.

At the outset, before we can address the merits of the petition,[4] we must consider whether Appellant is eligible for relief under the PCRA. To be eligible

---

[3] Judge Berry retired from the bench on August 31, 2012.

[4] Appellant argues that trial counsel was ineffective for failure to file a direct appeal.

for relief under the PCRA, a petitioner must be either "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *see also Commonwealth v. Smith*, 17 A.3d 873 (Pa. 2011), and *Commonwealth v. Matin*, 832 A.2d 1141 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id.* As a result, courts lose jurisdiction to entertain the matter the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based on our review of the record, Appellant does not meet the foregoing eligibility requirements as he had completed his sentence in 2015, while his PCRA petition was still pending. Indeed,

> [t]he record shows that on August 7, 2008, [Appellant] appeared before Judge Berry for a violation hearing and was sentenced to 2 to 4 years state incarceration plus 3 years reporting probation. He filed his *pro se* PCRA petition on June 23, 2009. [Appellant] completed his sentence in 2015 while his PCRA petition was still pending.

PCRA Court Opinion, 2/26/19, at 3-4.

In light of the foregoing, we conclude Appellant is not eligible for PCRA relief.[5] ***See Ahlborn***, ***supra***; ***Turner***, ***supra***. Accordingly, we affirm the order of the PCRA Court of July 20, 2018.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/19

---

[5] Notably, Appellant, in his appellate brief, does not address the PCRA court's conclusions regarding his eligibility for PCRA relief, nor did he address the timeliness of the instant petition. Thus, even if eligible, Appellant would not be entitled to relief for failure to plead and prove the timeliness of the underlying PCRA petition.