J-S16042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAH GOLDHEATH | : | |
| | : | |
| Appellant | : | No. 2287 EDA 2020 |

Appeal from the PCRA Order Entered November 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003977-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAH GOLDHEATH | : | |
| | : | |
| Appellant | : | No. 2288 EDA 2020 |

Appeal from the PCRA Order Entered November 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003978-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAH GOLDHEATH | : | |
| | : | |
| Appellant | : | No. 2289 EDA 2020 |

Appeal from the PCRA Order Entered November 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003979-2018

J-S16042-21

BEFORE:     BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED: JUNE 14, 2021**

Appellant Jah Goldhealth appeals the order of the Court of Common Pleas of Philadelphia County dismissing his petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm on a different basis than the PCRA court.[1]

The PCRA court summarized the relevant procedural history as follows:

> [Appellant] was arrested on February 21, 2018, and charged on docket numbers CP-51-CR-3978-2018 and CP-51-CR-3979-2018 with two counts of Aggravated Assault (F1) and Conspiracy (F1); Possession of an Instrument of Crime with Intent (M1); Terroristic Threats with Intent to Terrorize Another (M1), Simple Assault (M2), and Recklessly Endangering Another Person (hereinafter "REAP") (M2). [Appellant] was also charged on docket number CP-51-CR-3977-2018 with an additional count of REAP (M2).
>
> On September 26, 2018, [Appellant] entered a negotiated guilty plea to two counts of REAP on docket numbers CP-51-CR-3977-2018 and CP-51-CR-3978-2018, and one count of Simple Assault on docket number CP-51-CR 3979-2018. The Commonwealth agreed to *nolle pros* the higher-graded charges. At the same hearing, [Appellant] received a negotiated sentence of two years of probation on each docket number to be served concurrently, and with the final six months to be non-reporting. Prior to accepting [Appellant's] guilty plea, [the lower court] conducted a guilty plea colloquy and reviewed [Appellant's] Written Guilty Plea Colloquy.
>
> [Appellant] did not file a direct appeal.

PCRA court opinion, 1/19/21, at 1-2.

_____

* Former Justice specially assigned to the Superior Court.
[1] "This Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) (citation omitted).

- 2 -

On September 27, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on March 27, 2020 on Appellant's behalf. On July 9, 2020, the Commonwealth filed a motion to dismiss the PCRA petition.

On September 11, 2020, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 6, 2020, the PCRA court dismissed Appellant's petition on its merits. On December 1, 2020, Appellant filed a separate notice of appeal at each of the three dockets.

Before we review the merits of Appellant's arguments on appeal, we must determine whether he is eligible for collateral relief. Section 9543 of the PCRA provides that, in order to be eligible for relief, a petitioner must "plead and prove by a preponderance of the evidence …[t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is *at the time relief is granted*[,] *currently serving a sentence of imprisonment, probation or parole for the crime*." 42 Pa.C.S.A. § 9543 (emphasis added). **See Commonwealth v. Ahlborn**, 548 Pa. 544, 548, 699 A.2d 718, 720 (1997) ("the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute").

In this case, Appellant was sentenced on September 26, 2018 to two years' probation. His probationary sentence expired on September 26, 2020. As a result, Appellant was not eligible for collateral relief when the PCRA court dismissed his petition on the merits on November 6, 2020, as he had already

completed serving the sentence on the crimes for which he seeks relief. **See Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa.Super. 2006) (clarifying that a petitioner becomes ineligible for PCRA relief "[a]s soon as his sentence is completed, … regardless of whether he was serving his sentence when he filed the petition") (citations omitted); **Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa.Super. 2003) (emphasizing that "[a] petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/21