J-S33037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOMMER BERNARD | : | |
| | : | |
| Appellant | : | No. 1033 WDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001650-2016

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: NOVEMBER 14, 2023**

Appellant, Sommer Bernard, appeals from the August 16, 2022, order entered in the Court of Common Pleas of Allegheny County dismissing her petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 on alternate bases of ineligibility for PCRA relief and waiver of issues. After finding upon careful review that Appellant is ineligible for PCRA relief, we affirm.

The PCRA court has authored a Pa.R.A.P. 1925(a) opinion setting forth the pertinent procedural history, as follows:

> On December 15, 2015, the Pittsburgh Police Department charged [Appellant] with one count of Receiving Stolen Property, 18 Pa.C.S.A. § 3925(a), which was charged as a Felony 3.  On August 1, 2016, the Honorable Jeffrey Manning entered an Order for Involuntary Treatment due to [Appellant's] mental illness.  After multiple postponements and the appointment of new counsel, on

_____

[*] Former Justice specially assigned to the Superior Court.

January 15, 2019, [Appellant entered a guilty plea and was sentenced to 2.5 to 5 years, with credit for time served of 1,063 days, to run concurrent with a sentence from an unrelated third-degree murder case (CP-02-CR-2092-2017).

On February 22, 2022, [Appellant] filed what was docketed as a "Request for Discovery", and then shortly thereafter, on March 15, 2022, filed her first PCRA Petition. On April 28, 2022, [the PCRA court] appointed Jacob McCrea, Esquire, to represent the [Appellant] in her first PCRA Petition. After reviewing the file, on May 11, 2022, Attorney McCrea submitted a Motion for Leave to Withdraw as Counsel Pursuant to **Commonwealth v. Turner** ("Motion to Withdraw"), along with a No Merit Letter. In his No Merit Letter, Attorney McCrea explained that [Appellant's] PCRA Petition lacked merit because it was filed after the one-year deadline, as set forth in 42 Pa.C.S.A. § 9545(b)(1) and because she was no longer serving the sentence associated with this case, as set forth in 42 Pa.C.S.A. § 9543(a)(1)(i), (iii).

On July 6, 2022, after reviewing [counsel's] No Merit Letter, [the PCRA court] granted [his] Motion to Withdraw and advised [Appellant] that she had 20 days to respond regarding the options available to her if she wished to proceed with her PCRA Petition without counsel. On July 20, 2022, [Appellant] filed an Objection to Counsel's Motion for Leave to Withdraw and No Merit Letter. On August 16, 2022, [the PCRA court] issued an "Order of Court Dismissing Defendant's PCRA Petition" pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure.

On September 1, 2022, Appellant filed what was docketed as a Notice of Appeal ("Appeal"). The Appeal was docketed at 1033 WDA 2022.

. . . .

PCRA Court Pa.R.A.P. 1925(a) Opinion, 1-3.

On appeal, Appellant raises multiple claims of ineffective assistance of prior counsel and contends, additionally, that her patently untimely PCRA petition qualifies for review under certain exceptions to the PCRA's one-year time bar. Preliminarily, however, we address whether Appellant was no longer

serving a sentence of imprisonment at the time she filed the present petition, as this issue proves dispositive.

It is well-settled that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court consistently have interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the plain language of the PCRA statute requires the denial of relief for a petitioner who has finished serving his sentence, as eligibility for relief depends upon the petitioner's presently serving a sentence of imprisonment, probation, or parole. *Ahlborn*, 699 A.2d at 720. To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id*.

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714,

716 (Pa. Super. 1997). In this regard, the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based upon our review of the record, we agree with the PCRA court's opinion and the Commonwealth's analysis that Appellant finished her two and one-half to five-year sentence for Receiving Stolen Property—the crime for which she now seeks relief—more than one year before she filed the instant PCRA petition. As a result, she does not meet any of the foregoing eligibility requirements outlined in Section 9543(a) of the PCRA. Under *Ahlborn*, therefore, she is ineligible for collateral relief. Accordingly, we do not have jurisdiction over this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/14/2023