J-S31002-24

2024 PA Super 253

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAHLEEL C. DAVIS :
:
Appellant : No. 2638 EDA 2023

Appeal from the PCRA Order Entered September 15, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006720-2017

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

OPINION BY BOWES, J.:                                  **FILED OCTOBER 31, 2024**

Jahleel C. Davis appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 2017, Appellant and his co-defendant, Jamal Jones, shot Kendall Rosendary multiple times. Mr. Rosendary, whom police later learned "was in the wrong place at the wrong time[,]" survived the attack but was unable to identify his shooters. *See Commonwealth v. Davis*, 266 A.3d 614, 2021 WL 4617988, at *2 (Pa.Super. 2021) (non-precedential decision). This Court previously detailed the investigation that led to Appellant's arrest and joint jury trial with Jones, and we need not recount it at length here. *Id*. at *1-2. In brief, the jury adjudged Appellant guilty of attempted murder, conspiracy to commit murder, aggravated assault, conspiracy to commit aggravated assault, and possession of an instrument of crime. Appellant was sentenced to concurrent terms of twenty to forty years of incarceration for the murder-

related charges, and a consecutive term of one to two years of incarceration for possession of an instrument of crime.

On direct appeal to this Court, Appellant argued that the Commonwealth had violated his rights pursuant to Pa.R.Crim.P. 573 and **Brady v. Maryland**, 373 U.S. 83 (1963), by withholding information regarding Tyrique Lyons, the individual whom police subsequently determined to be the intended target of the shooting. We rejected these claims. However, we *sua sponte* vacated Appellant's sentence for conspiracy to commit murder because an individual may not be convicted of more than one inchoate offense for the same object crime, and the trial court had already sentenced him to a term of confinement for attempted murder. **See** 18 Pa.C.S. § 906.[1] Our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Davis**, 275 A.3d 79 (Pa. 2022).

The instant PCRA proceedings began with a timely filed *pro se* PCRA petition. Wana Saadzoi, Esquire, was appointed and filed an amended petition, raising three claims related to Appellant's attempted murder conviction and sentence. Namely, PCRA counsel contended that (1)

_____

[1] The rule provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906. However, our Supreme Court "has clarified that the term 'convicted' in [§] 906 refers to the entry of a judgment of sentence, not a finding of guilt by the jury." **Commonwealth v. King**, 234 A.3d 549, 570 n.17 (Pa. 2020) (cleaned up). Thus, this Court vacated Appellant's conspiracy to commit murder sentence but did not disturb his conviction.

- 2 -

Appellant's sentence for attempted murder was illegal because the jury did not make a finding that Mr. Rosendary suffered serious bodily injury, (2) the court issued a defective response to the jury's question about the elements of attempted murder, and (3) trial counsel rendered ineffective assistance by failing to object to the re-instruction. After hearing oral argument, the PCRA court rejected the sentencing claim due to the parties' stipulation at trial that Mr. Rosendary suffered serious bodily injury from his thirteen gunshot wounds. As for the jury question claims, the PCRA court found that the trial court properly included concepts of conspiracy in its response and counsel was not ineffective for deciding not to object because the outcome would have been the same even without the conspiracy language.

This timely appeal followed. The PCRA court appointed new counsel, who filed a Pa.R.A.P. 1925(b) concise statement as ordered, challenging, *inter alia*, the effectiveness of Attorney Saadzoi during the PCRA proceedings.[2] The PCRA court authored a Rule 1925(a) opinion explaining its reasoning for denying Appellant's petition. Appellant now raises two issues:

1. Did the [PCRA] court err by not addressing, and therefore not finding, trial counsel provided ineffective assistance of counsel for failing to object to the trial court's instructions on conspiracy to commit attempted murder, which should have been raised by [Attorney Saadzoi] in Appellant's amended PCRA petition[?]

2. Did the [PCRA] court err by not finding trial counsel provided ineffective assistance of counsel for failing to object to the trial

_____

[2] Appellant appropriately raised this issue for the first time in his Rule 1925(b) statement, which was filed after being appointed new counsel. ***See Commonwealth v. Parrish***, 273 A.3d 989, 1002-03 (Pa. 2022).

court's re-instruction on attempted murder, which included reference to the improper instruction to conspiracy[?]

Appellant's brief at 8 (numbering added, capitalization altered).

We review orders denying PCRA relief "to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Pitt**, 313 A.3d 287, 293 (Pa.Super. 2024) (cleaned up). Since Appellant's issues assail the effectiveness of counsel, we consider them according to the following tenets:

> [C]ounsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. To do so, he must establish the following three elements: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. Additionally, we are not required to analyze the elements of an ineffectiveness claim in any particular order.

**Id**. (cleaned up).

We begin with Appellant's first challenge, that Attorney Saadzoi was ineffective for failing to raise trial counsel's ineffectiveness in the amended PCRA petition. This layered ineffectiveness claim is premised upon the trial court conflating conspiracy to commit murder and attempted murder. Specifically, the court instructed the jury on the invalid crime of conspiracy to commit attempted murder instead of conspiracy to commit murder, and this

error, combined with trial counsel's failure to object, resulted in Appellant being found guilty of a fake crime. ***See*** Appellant's brief at 24-26.

We do not reach the merits of this claim because, even assuming the court erred in so instructing the jury and trial counsel should have objected, it is clear from the record that Attorney Saadzoi could not have been ineffective for failing to raise this claim in Appellant's amended PCRA petition. The PCRA mandates that a petitioner prove he has been convicted of a crime and, as is pertinent here, is currently serving a sentence for the crime or is waiting to serve a sentence for the crime, to be eligible for PCRA relief. ***See*** 42 Pa.C.S. § 9543(a)(1).[3]

_____

[3] In full, this subsection provides:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> > >
> > > (ii) awaiting execution of a sentence of death for the crime;
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or
> > >
> > > (iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief

*(Footnote Continued Next Page)*

In **Commonwealth v. Smith**, 17 A.3d 873 (Pa. 2011), our High Court deemed Smith ineligible for PCRA relief on his claim that counsel was ineffective for failing to move to quash possession and conspiracy charges because, despite being sentenced to death for first-degree murder, the maximum aggregate sentence for the challenged convictions had expired at the time the PCRA court ruled on the petition. In so holding, the Court reiterated that our appellate courts have read § 9543 "to preclude PCRA relief where the petitioner is no longer serving a sentence for the crime at the time the PCRA court renders a decision." **Smith**, 17 A.3d at 904 (cleaned up).

In other words, when a petitioner raises a PCRA claim attacking a specific conviction, he "is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed." **Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa.Super. 2003) (citation omitted). It makes no difference whether the sentence is deemed completed because the imposed period of supervision expired, an appellate court vacated the sentence, or the trial court imposed no penalty or granted credit for time served.[4] The bottom line is that

_____

based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

42 Pa.C.S. § 9543(a)(1). This opinion does not involve the scenario presented in § 9543(a)(1)(iv) because Appellant did not seek PCRA relief after obtaining postconviction DNA testing pursuant to § 9543.1.

[4] Recognizing that defendants will be statutorily ineligible for PCRA relief if they are sentenced to time served or no further penalty, our Supreme Court carved an exception to the general rule against raising ineffectiveness claims
*(Footnote Continued Next Page)*

if a petitioner's PCRA claim assails a particular conviction, pursuant to the plain language of § 9543(a)(1), the petitioner **must** be serving or waiting to serve a sentence for that conviction in order to be eligible for relief on that claim.

Here, Appellant is challenging his conviction for conspiracy to commit murder. As already detailed, this Court vacated his sentence at that count on direct appeal. Thus, Appellant is no longer serving or waiting to serve a sentence for the conviction he challenges and, consequently, is statutorily precluded from PCRA relief on this claim. *See* 42 Pa.C.S. § 9543(a)(1). Accordingly, Attorney Saadzoi cannot be held ineffective for failing to raise it in Appellant's amended petition. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim." (cleaned up)).

In his remaining issue, Appellant argues that the PCRA court erred in denying his claim that trial counsel was ineffective for failing to object to the court's re-instruction on the elements of attempted murder. *See* Appellant's brief at 34. We consider this mindful of the following principles:

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We

_____

on direct appeal for such petitioners. *See Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018) ("[T]o ensure that defendants are afforded an opportunity to challenge trial counsel's stewardship, we adopt an additional exception to [the] general deferral rule, requiring trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review.").

further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

***Commonwealth v. Roane***, 142 A.3d 79, 95 (Pa.Super. 2016) (cleaned up).

At the outset, we observe that the PCRA court denied relief, in part, because it concluded that trial counsel had objected to the re-instruction. ***See*** PCRA Court Opinion, 1/24/24, at 6. Appellant maintains that counsel's reticence to provide a new instruction to the jury did not amount to a specific objection regarding the inclusion of conspiracy language, and therefore the PCRA court's finding that the claim lacked merit was unfounded. ***See*** Appellant's brief at 36-37; N.T. Jury Trial Volume VI, 11/2/18, at 1397 (responding to the court's question if anyone objected to the court's proposed re-instruction and the Commonwealth's request to include conspiracy language, that "we've already read the instructions[,] I think that it would be improper to read them anything different"). We agree with Appellant that this objection did not amount to a sufficiently specific challenge to the re-instruction provided, and therefore the court's finding that counsel objected was in error.

Nonetheless, the PCRA court also determined that Appellant's claim lacked arguable merit because "it is almost inconceivable that the outcome at trial would have been different with or without the conspiracy language on the re-instruction based upon the facts presented at trial." ***Id***. at 7 (footnote omitted). With this conclusion, we wholly agree.

By way of background, during the initial charge to the jury, the trial court read the standard instructions for attempted murder, aggravated assault, and possession of an instrument of crime. Immediately after, the court explained that one co-defendant could be held responsible for the acts of the other if the jury determined that he had acted as an accomplice or co-conspirator. The court then charged the jury on accomplice liability and conspiracy generally, before providing instruction on conspiracy as charged and self-defense.

During deliberations, the jury queried about the elements of attempted murder and aggravated assault. The court proffered to simply re-read the elements of the crimes. The Commonwealth asked the trial court to instead add in language about conspiracy for both crimes "because they can be guilty of attempted murder even if they didn't do the actual firing." N.T. Jury Trial Volume VI, 11/2/18, at 1396. Accepting the Commonwealth's request, the court provided the following re-instruction in response to the attempted murder question:

> The defendants have been charged with attempted murder. To find a defendant guilty of this offense, you must find that the following three elements have been proven beyond a reasonable doubt:
>
> First, that the defendant did a certain act; that is, he shot or conspired to shoot Kendall Rosendary.
>
> Second, that at the time of this alleged act, the defendant had the specific intent to kill Kendall Rosendary; that is, he had a fully formed intent to kill and was conscience of his own intention;

> And, third, that the act constituted a substantial step toward the commission of the killing the defendant intended to bring about.
>
> Let me explain the meaning of a "substantial step." A person cannot be guilty of an attempt to commit a crime unless he or she does an act that constitutes a substantial step towards the commission of the crime. An act is a substantial step if it is a major step toward the commission of the crime and also strongly corroborates the jury's belief that the person at the time he did the act had a firm intent to commit that crime. An act can be a substantial step even though other steps would have to be taken before the crime could be carried out.
>
> If you are satisfied that the three elements of attempted murder have been proven beyond a reasonable doubt, you should find the defendant or defendants guilty; otherwise, you must find the defendant or defendants not guilty of this crime.

N.T. Jury Trial Volume VI, 11/2/18, at 1401-02.

The trial court's re-instruction tracks the suggested standard jury instruction for the crime of attempted murder, except, as noted, it adds in the concept of conspiring to shoot Mr. Rosendary. *See* Pa. SSJI (Crim) § 12.901A.1. Regardless of whether the trial court properly truncated the accomplice and co-conspirator liability concepts into the attempted murder re-instruction, it is clear from the record that Appellant was not convicted as an accomplice; he was convicted of attempted murder because both he and Jones shot Mr. Rosendary. Indeed, Appellant's own testimony conceded that he "drew his gun and returned fire," though he claimed to have done so in response to being targeted. *See Davis*, 2021 WL 4617988, at *2. In other words, Appellant's conviction for attempted murder was premised on his act of intentionally shooting the victim, not upon accomplice or co-conspirator

liability. In such a circumstance, our Supreme Court has explained that "there is no factual predicate to [a petitioner's] argument that the trial court's instruction improperly permitted the jury to convict him as an accomplice or co-conspirator, and he cannot prevail on his claim that counsel was ineffective for failing to object to this charge." **Smith**, 17 A.3d at 909–10. Accordingly, we hold that the PCRA court did not err in rejecting this claim.

Based on the foregoing, we affirm the order of the PCRA court denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024

- 11 -