J-S04019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERIC RAMBERT :
:
Appellant : No. 2461 EDA 2024

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0625331-1983

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED MAY 19, 2025**

Appellant, Eric Rambert, appeals from the August 29, 2024, order of the

Court of Common Pleas of Philadelphia County, which dismissed his petition

under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review,

we affirm.

The facts and procedural history of this case are undisputed.[1] On May

31, 1983, Appellant broke into the home of a seventy-five-year-old woman.

He then robbed and violently raped her. On November 21, 1983, Appellant

entered a negotiated guilty plea to rape, involuntary deviate sexual

intercourse, burglary, robbery and conspiracy. On the same date, he was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, the facts of this case and the procedural history
come from this Court's July 21, 2021, memorandum decision issued in
connection with Appellant's eleventh PCRA petition. ***Commonwealth v.
Rambert***, No. 2442 EDA 2021 (Pa. Super. 2022) (unpublished
memorandum).

sentenced to an aggregate term of 10-25 years' imprisonment. Neither a motion to withdraw the guilty plea nor a direct appeal was filed. Appellant filed his first petition seeking collateral relief under the former provisions of the Post Conviction Hearing Act ("PCHA") on July 17, 1984. On June 11, 1985, the PCHA court dismissed the petition without a hearing. On appeal, the Superior Court affirmed the denial of post-conviction relief on June 30, 1986. *See Commonwealth v. Rambert*, 513 A.2d 1078 (Pa. Super. 1986) (unpublished memorandum).

On July 28, 1999, Appellant filed a second PCRA petition, *pro se*. The PCRA court dismissed his petition as untimely on September 29, 1999, and the Superior Court affirmed on that basis. *See Commonwealth v. Rambert*, 766 A.2d 891 (Pa. Super. 2000) (unpublished memorandum). Prior to the disposition of that appeal, Appellant filed a third petition, *pro se*, on May 22, 2000. The PCRA court dismissed the petition without prejudice on August 10, 2000.

Appellant's next PCRA petition, his fourth, was filed on January 8, 2003. The PCRA court dismissed the petition as untimely, and this Court affirmed on April 13, 2004. *See Commonwealth v. Rambert*, 852 A.2d 1252 (Pa. Super. 2004) (unpublished memorandum). On July 9, 2004, Appellant filed his fifth *pro se* PCRA petition. The PCRA court dismissed the petition as untimely on April 13, 2005, and this Court affirmed on December 7, 2005. *See Commonwealth v. Rambert*, 894 A.2d 822 (Pa. Super. 2005) (unpublished memorandum). Appellant's next PCRA petition, his sixth, was

filed on May 27, 2008, which the PCRA court dismissed as untimely on December 24, 2009.

Appellant's seventh PCRA petition was filed *pro se* on July 29, 2010. He also submitted numerous supplemental petitions from March 2013 through May 2014. The PCRA court dismissed Appellant's petition as untimely on June 24, 2015. On July 8, 2016, this Court affirmed. ***See Commonwealth v. Rambert***, 154 A.3d 847 (Pa. Super. 2016) (unpublished memorandum). The Pennsylvania Supreme Court denied *allocatur* on October 26, 2016. ***See Commonwealth v. Rambert***, 160 A.3d 762 (Pa. 2016).

While the previous appeal was pending, Appellant filed his eighth *pro se* PCRA petition on July 9, 2015. The PCRA court thereafter dismissed his petition as premature on November 9, 2015. On May 31, 2016, this Court affirmed. ***See Commonwealth v. Rambert***, 151 A.3d 1162 (Pa. Super. 2016) (unpublished memorandum).

On July 14, 2016, Appellant filed his nineth *pro se* PCRA petition, which the PCRA court dismissed as untimely on October 23, 2017. We affirmed the dismissal on September 17, 2018. Our Supreme Court denied his petition for allowance of appeal on April 2, 2019. ***Commonwealth v. Rambert***, 205 A.3d 1231 (Pa. 2019).

Appellant filed his tenth *pro se* PCRA petition on May 14, 2019, nearly 36 years after he was sentenced to 10 to 25 years' imprisonment in 1983. He amended the petition on June 8, 2020. Following the issuance of a Pa.R.Crim.P. 907 notice, the PCRA court dismissed as untimely Appellant's

- 3 -

petition for relief on October 13, 2021. On October 25, 2021, Appellant *pro se* filed a notice of appeal. On appeal, we affirmed noting that Appellant was no longer eligible for relief, having completed service of his sentence. ***Commonwealth v. Rambert***, No. 2442 EDA 2021 (Pa. Super. 2022) (unpublished memorandum).

On October 5, 2023, Appellant filed the underlying petition, his eleventh, approximately 15 years after the expiration of his sentence. The PCRA court denied relief. This appeal followed.[2]

To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Martin***, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in ***Ahlborn***, the PCRA's plain language requires denial of relief for a petitioner who has finished serving his sentence. ***Ahlborn***, 699 A.2d at 720. To be eligible for relief, a petitioner must be

---

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

- 4 -

currently serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when a petitioner is not currently serving a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (when petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the court loses jurisdiction to rule on merits of petition).

Here, based on our review of the record, we agree with the Commonwealth that Appellant does not meet any of the foregoing eligibility requirements, as he has completed his 10-25 years' prison sentence sometime in 2008, approximately 15 years before he filed the instant petition.[3] As a result, and consistent with *Ahlborn*, he does not meet the eligibility requirements outlined in Section 9543(a). Accordingly, we do not have jurisdiction over this appeal.

Order affirmed.

_____

[3] Appellant currently is serving a sentence for unrelated crimes that he committed in January 27, 1987, while in the Allegheny County Prison. Specifically, on August 26, 1987, a jury convicted him of assault by a prisoner, riot and conspiracy and the trial court sentenced him to 6 to 25 years' imprisonment at docket number 2765-1983. The instant petition is unrelated to these subsequent charges. *See* PCRA Court Opinion, 8/29/24, at 1, n.1.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2025