J-A02029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW MICHAEL PHILLIPS JR. | : | |
| | : | |
| Appellant | : | |
| | : | No. 240 MDA 2023 |

Appeal from the PCRA Order Entered January 19, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001186-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW MICHAEL PHILLIPS JR. | : | |
| | : | |
| Appellant | : | |
| | : | No. 242 MDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001484-2015

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED APRIL 21, 2026**

Appellant, Andrew Michael Phillips Jr., appeals from the orders entered in the Lackawanna County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. This matter comes before us on remand from the Pennsylvania

Supreme Court for a determination of Appellant's eligibility for PCRA relief such that any relief could be awarded. After careful review, we conclude that Appellant is no longer serving his sentence and therefore is ineligible for PCRA relief. Accordingly, we affirm.

The relevant facts and procedural history of this case are as follows. On September 30, 2015, Appellant pled guilty to driving under the influence of alcohol or a controlled substance ("DUI") and resisting arrest ("2015 case").[1] The trial court sentenced him to three to six months of incarceration for DUI followed by two years of probation for resisting arrest. On September 22, 2016, following a violation of probation, the trial court resentenced Appellant to three to six months of imprisonment, again followed by two years of probation.

In May 2018, while still on probation for the 2015 case, Appellant was arrested and charged with aggravated assault ("2018 case").[2] Shortly thereafter, Appellant's mother posted bail. However, a detainer was placed on Appellant because of his probationary status in the 2015 case, and he was not released. In November 2018, while still incarcerated, Appellant pled guilty to aggravated assault in the 2018 case.

While awaiting sentencing in the 2018 case, Appellant filed a motion to

---

[1] 75 Pa.C.S.A. § 3802(b) and 18 Pa.C.S.A. § 5104, respectively.

[2] 18 Pa.C.S.A. § 2702(a)(4).

lift the probation detainer and revoke bail, which the trial court granted that same day. On September 10, 2019, the trial court sentenced Appellant to 27 to 72 months of incarceration for the 2018 case. The court did not award Appellant credit for any pre-sentence confinement. The court also revoked Appellant's probation in the 2015 case and sentenced him to a consecutive two-year term of probation.

On September 11, 2020, Appellant filed a *pro se* timely PCRA petition in the 2015 case claiming that he had failed to receive credit for time he served prior to sentencing. The court appointed counsel, who subsequently filed a *Turner*/*Finley*[3] no-merit letter and petition to withdraw. The PCRA court granted counsel's motion to withdraw and ultimately denied the PCRA petition in the 2015 case on February 17, 2023. Appellant later conceded that because he was not resentenced to a period of incarceration in the 2015 case, he was ineligible for credit for time served in that matter.

Concurrently, Appellant filed a direct appeal in his 2018 case. On December 1, 2020, this Court affirmed the judgment of sentence. *See Commonwealth v. Phillips*, 245 A.3d 1035 (Pa.Super. 2020) (unpublished memorandum) (holding Appellant's challenges to discretionary aspects of sentencing waived for, *inter alia*, failure to raise them at sentencing or in post-sentence motion). On December 22, 2021, Appellant filed a timely *pro se*

---

[3] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

PCRA petition. The court subsequently appointed counsel, who filed an amended petition on April 28, 2022, requesting 481 days of credit for time served, to account for the period between when Appellant was arrested in the 2018 case and when he was sentenced in both the 2015 and 2018 cases.

On January 19, 2023, the PCRA court granted relief in part and denied relief in part. Specifically, the court found that Appellant was entitled to time credit only in his 2018 case for the 237 days he spent incarcerated from January 17, 2019 (the day the detainer was lifted), to September 10, 2019 (the day sentence was imposed in the 2018 case). Nevertheless, the court found that Appellant was not entitled to credit for time served from May 19, 2018 (when bail was posted in the 2018 case), to January 17, 2019 (the day the detainer was lifted), as that time related to the sentence in the 2015 case wherein no sentence of incarceration was imposed.

Appellant appealed both PCRA court orders, which resulted in the consolidation of the 2015 and 2018 cases. On August 7, 2024, this Court affirmed the orders of the PCRA court denying relief. In doing so, this Court held that Appellant was not entitled to credit for time spent in custody in relation to the new charges at the 2018 case because Appellant's mother had posted bail in that matter. Thus, Appellant was held in custody solely on the probation detainer for the 2015 case, and because the court imposed only a probationary sentence the court could not apply credit for time served to the 2015 case. *See* 42 Pa.C.S.A. § 9760(1) (stating credit for time served shall

- 4 -

be given to defendant for all time spent in custody as result of criminal charge for which prison sentence is imposed or as result of conduct on which such charge is based). As such, this Court affirmed the orders of the PCRA court denying relief in both the 2015 case and 2018 case. **See Commonwealth v. Phillips**, 326 A.3d 419 (Pa.Super. 2024) (unpublished memorandum).

Appellant petitioned the Pennsylvania Supreme Court for allowance of appeal, which the Court granted. The Court explained that Appellant's claim "presents an issue of first impression [regarding] whether a defendant, held on a probation detainer after he was arrested on new charges and posted bail, can have his pre-sentence time spent on the detainer credited to his new sentence." **Commonwealth v. Phillips**, ___ Pa. ___, ___, 344 A.3d 360, 366 (2025). The Court acknowledged that, "in light of prior concessions, … [the Court was] concerned only with discerning if Appellant is entitled to credit towards his sentence in the 2018 case for the time spent incarcerated on the probation detainer lodged in the 2015 case." **Id.** at ___, 344 A.3d at 367.

The Court agreed with Appellant "that a plain reading of the phrase 'for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based' mandates that time credit against a prison sentence be given in two distinct scenarios." **Id.** at ___, 344 A.3d at 368 (quoting 42 Pa.C.S.A. § 9760(1)). "The first involves time spent in custody due to the criminal charge for which the prison sentence was imposed. The second requires credit to be

awarded for time spent incarcerated as a result of actions from which the criminal charges, resulting in imprisonment, derived." *Id.* Ultimately, the Court concluded "that had Appellant not committed the conduct that led to charges being filed in the 2018 case, *i.e.*, assaulted his wife, a probation detainer [for the 2015 case] would have never been lodged by the Board." *Id.* at ___, 344 A.3d at 369. Accordingly, our Supreme Court held that the presentence confinement fit within the ambit of Section 9760(1)'s scheme and reversed the order of this Court affirming the PCRA court's decision.

Nevertheless, our Supreme Court questioned whether there was any relief available to Appellant, explaining that "it appears that, as of the filing date of this opinion, Appellant's sentence, imposed in the 2018 case, has already been completed." *Id.* at ___, 344 A.3d. at 367 n.11. The Court indicated that if Appellant had completed serving the sentence imposed in the 2018 case, the PCRA court would be effectively barred from providing relief in the form of the credit for time served. Therefore, the Court "remand[ed] the matter to the Superior Court to discern Appellant's status and determine whether any relief could be awarded." *Id.* at ___, 344 A.3d at 370 n.12. This Court did not direct the parties to file supplemental briefs upon remand.

The PCRA mandates that a petitioner "must plead and prove by a preponderance of the evidence" that they are "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted. 42 Pa.C.S.A. § 9543(a)(1)(i). *See also Commonwealth v. Gillins*, 302 A.3d

154, 159 (Pa.Super. 2023) (explaining "[e]ligibility for relief under the PCRA is dependent upon the petitioner [pleading and proving by a preponderance of the evidence that he is] currently serving a sentence of imprisonment, probation, or parole for a crime"). As this Court has explained, when a petitioner raises a PCRA claim attacking a specific conviction, he "is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed." *Commonwealth v. Davis*, 326 A.3d 988, 993 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 338 A.3d 112 (2025) (quoting *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa.Super. 2003)).

Indeed,

> [c]ase law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief.
>
> > Here, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be **currently** serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is **not** currently serving such a sentence would be to ignore the language of the statute.
>
> *Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718, 720 (1997) (emphasis in original).

*Commonwealth v. Plunkett*, 151 A.3d 1108, 1109 (Pa.Super. 2016), *appeal denied*, 641 Pa. 633, 169 A.3d 524 (2017). Hence, a petitioner is ineligible for relief "where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the

resolution of his appeal." *Id.* at 1113. *See also Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa.Super. 2006) (holding that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition").

Instantly, on September 10, 2019, the court sentenced Appellant in the 2018 case to 27 to 72 months' incarceration. On January 19, 2023, the court granted Appellant relief in the form of 237 days of credit for time served. Thus, Appellant's sentence expired in January 2025, and he is ineligible for PCRA relief at this juncture. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Davis, supra*; *Plunkett, supra*. Accordingly, we are constrained to affirm.

Orders affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/21/2026