J-S12004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL SPEACH | : | |
| | : | |
| Appellant | : | No. 2234 EDA 2024 |

Appeal from the PCRA Order Entered July 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0301811-2005

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 5, 2025**

Appellant, Samuel Speach, appeals *pro se* from the July 12, 2024, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

> This matter arises from [Appellant's] convictions for sexual assault, indecent assault, endangering the welfare of a child, corruption of a minor, simple assault, and indecent exposure.  On December 6, 2006, Appellant was sentenced to a total of three (3) to six (6) years confinement, to be followed by five (5) consecutive years of probation on the charge of endangering the welfare of a minor.  Appellant was also notified that he was subject to a lifetime sex offender registration pursuant to the Sex Offender Registration and Notification Act (SORNA).  No direct appeal was filed.

PCRA Court Opinion, 10/9/24, at 1 (unnecessary capitalization omitted).

On July 9, 2007, Appellant filed his first PCRA petition, which the PCRA

court dismissed on September 11, 2012. Appellant appealed to this Court. On August 13, 2013, we affirmed the order of the PCRA court. ***See Commonwealth v. Speach***, No. 2840 EDA 2012, 2013 WL 11256787, unpublished memorandum (Pa. Super. filed August 23, 2013). Our Supreme Court denied Appellant's petition for allowance of appeal on February 4, 2014. ***See Commonwealth v. Speach***, 85 A.3d 483 (Table) (Pa. 2014).

> Appellant finished serving his sentence on December 8, 2017, when his probation period ended. Appellant filed the underlying *pro se* PCRA petition on May 31, 2022, alleging that trial counsel was ineffective for failing to file a motion to quash the charges following his preliminary hearing. [The PCRA court] reviewed the PCRA petition, and determined Appellant was not eligible for relief under the PCRA, as he was no longer serving a sentence on this conviction. Moreover, [the PCRA court] determined that Appellant's petition was untimely and failed to meet one of the statutory exceptions to the time bar.
>
> On May 15, 2024, [the PCRA court] issued [a] notice of its intent to dismiss Appellant's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On July 12, 2024, [the PCRA court] denied Appellant's PCRA petition. The July 12, 2024 order instructed Appellant of his right to appeal the order to the Superior Court within thirty (30) days of the date of the order. Appellant filed the instant notice of appeal on August 21, 2024.[1]

---

[1] It appears, therefore, that the instant appeal is facially untimely, as also noted by the PCRA court. However, a review of the record reveals that the PCRA court failed to notify Appellant of the dismissal of his petition via certified mail, return receipt request, as required under Pa.R.Crim.P. 907(4). Accordingly, we will treat the instant appeal timely. ***See Commonwealth v. Alvin***, 328 A.3d 78 (Pa. Super. 2024) (on appeal from the dismissal without a hearing of a post-conviction collateral proceeding, the Superior Court did not quash an appeal where the trial court failed to comply with rule governing notice to the petitioner of the petition's dismissal, instead treating the appeal as timely filed).

PCRA Court Opinion, 10/9/24, at 2 (unnecessary capitalization omitted; citations omitted).

We review an order denying a petition for relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). This Court may affirm a PCRA's court's decision on any ground that is supported by the record. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010).

At the outset, before we may review the merits of this case, we must consider whether Appellant is eligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. Indeed, to be eligible for relief, a

petitioner must currently be serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based on our review of the record, we agree with the PCRA court and the Commonwealth that Appellant does not meet any of the foregoing eligibility requirements as he completed his sentence on December 8, 2017, more than four years before he filed the instant petition. As a result, and consistent with *Ahlborn*, he does not meet the eligibility requirements outlined in Section 9543(a). Accordingly, we do not have jurisdiction over this appeal.

Additionally, even if we had jurisdiction over this appeal, we note that Appellant would not be entitled to relief as his underlying petition is untimely. Under the PCRA, Appellant must move for post-conviction relief within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. §

9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). However, the one-year limitation period does not apply when the Appellant pleads and proves any of the following exceptions:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA time limitations are jurisdictional; therefore, this Court must analyze the timeliness of Appellant's petition before it can reach the merits of the claim. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). "Any petition invoking an exception [to the timeliness requirement] shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "If the petition is determined to be untimely, and no exception has been pled and proven, the

petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, a review of Appellant's PCRA petition reveals that the underlying petition is facially untimely.[2] Additionally, Appellant did not plead, much less prove, that his petition meets one of the exceptions to the one-year time-bar discussed above. Accordingly, since Appellant failed to plead and prove the timeliness of his petition, we could not address its merits even if jurisdiction was present under the PCRA. ***See Commonwealth v. Gardner***, 2025 WL 1238381, unpublished memorandum at *5 (Pa. Super. 2025 filed April 29, 2025)[3] ("As Gardner did not plead or prove any other timeliness exception to the PCRA's one-year time bar, we conclude that he failed to invoke the PCRA court's jurisdiction to consider the merits of the issues he raised in his *pro se* petition.").

Order affirmed.

---

[2] Appellant's sentence became final on January 7, 2007, upon expiration of the 30-day period to file an appeal with this Court. Appellant, therefore, had until January 7, 2008, to file a timely PCRA petition. The underlying petition, which was filed May 31, 2022, is facially untimely by over 14 years.

[3] An unpublished non-precedential memorandum decision of the Pennsylvania Superior Court, filed after May 1, 2019, may be cited for its persuasive value. ***See*** Pa.R.A.P. 126(b)(1)-(2).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>8/5/2025</u>