J-A26010-25
J-A26011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WILLIAM DIEBOLD | : | |
| | : | |
| Appellant | : | No. 930 WDA 2024 |

Appeal from the Order Dated December 10, 2020
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0000339-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WILLIAM DIEBOLD | : | |
| | : | |
| Appellant | : | No. 587 WDA 2024 |

Appeal from the Order Entered May 9, 2024
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0000339-2018

BEFORE:  OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED: January 15, 2026**

Appellant, Michael William Diebold, appeals from two orders entered in the Court of Common Pleas of Westmoreland County dismissing Appellant's attempts to challenge his original judgment of sentence and the sentence imposed following revocation of his original sentence.  We affirm.

The underlying background of the instant appeals (587 WDA 2024 and 930 WDA 2024) pertains to a single trial court docket number, namely 339-2018, which can be summarized as follows.

Throughout 2017 and into 2018, Appellant attempted to solicit sex from an individual who he met online and believed to be a 14-year-old girl. The person with whom Appellant was communicating was an undercover officer. Appellant was arrested when he traveled to a convenience store in an attempt to meet the purported 14-year-old girl.

On December 11, 2018, Appellant entered guilty pleas to felony charges of statutory sexual assault, unlawful contact with a minor, and criminal use of a communication facility. On the same day, the trial court sentenced Appellant to an aggregate term of incarceration of 9 to 23 months, to be followed by 3 years' probation. As a term of his sentence, Appellant was prohibited from using the internet for any purpose other than work and totally prohibited from utilizing social media.

On December 9, 2019, Appellant was arrested after he was found to have accessed social media and used the internet for non-employment purposes.

On January 28, 2020, Appellant was charged in Armstrong County, in an unrelated case, which was subsequently docketed at CP-03-CR-158-2020, with the offense of failure to register. Appellant pled guilty to that offense on October 6, 2021, and was sentenced on February 22, 2022. He received a sentence of 18 to 36 months of incarceration for that offense.

On December 10, 2020, the trial court revoked Appellant's parole at 339-2018 and resentenced Appellant to serve the balance of his maximum sentence with credit for time served, and reparoled Appellant to Armstrong County authorities, in connection with the criminal matter described above. "Ultimately, the sentence at this case [339-2018] expired without further violation or incarceration and the case was formally closed on February 6, 2024." Trial Court Opinion, 9/3/24, at 2.

On May 2, 2024, Appellant filed a *pro se* motion to reinstate his appellate rights *nunc pro tunc*,[1] which the trial court denied on May 9, 2024 (587 WDA 2024).

On August 1, 2024, Appellant filed a *pro se* notice of appeal from the judgment of sentence imposed following the December 10, 2020, parole and probation revocation hearing (930 WDA 2024).[2]

The instant appeals followed.[3]

---

[1] At 587 WDA 2024, Appellant challenged the legality of one of the terms of his sentence, namely the prohibition on non-work internet access and social media usage to which he was subjected.

[2] At 930 WDA 2024, Appellant challenged, in the form of a direct appeal, the legality of the parole revocation sentence that was imposed upon him on December 10, 2020. He alleges both the process by which the sentence was imposed and the sentence itself are illegal.

[3] "When reviewing the denial of a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022).

It is well-established that, generally, any request for relief after an appellant's judgment becomes final must be treated as a PCRA petition if the issue is cognizable under the PCRA.[4] *See*, *e.g.*, *Commonwealth v. Fantauzzi*, 275 A.3d 986 (Pa. Super. 2022). It is well-established that a challenge to the legality of a sentence falls within the scope of the PCRA. *See*, *e.g.*, *Commonwealth v. Prinkey*, 277 A.3d 554, 560 (Pa. 2022).

While Appellant resorts to filing a direct appeal or a motion to challenge the legality of his original sentence and that of the sentence imposed following revocation, the proper way to challenge the legality of his sentences here is through a PCRA petition. *Id.*[5] Finally, it is well-established that, regardless

---

[4] It is undisputed that the original judgment of sentence became final on January 11, 2019, after his time to file a direct appeal expired. Similarly, Appellant's sentence imposed on December 10, 2020, became final on January 10, 2021. *See* 42 Pa.C.S.A. § 9545(b)(3).

[5] In his brief, Appellant suggests he is not subject to the PCRA requirement in light of *Commonwealth v. Lacombe*, 234 A.3d 602, 618 (Pa. 2022). Appellant believes that under *Lacombe* he can challenge the legality of his sentence in any way and at any time that he chooses. We disagree.

In *Commonwealth v. Hagan*, 306 A.3d 414 (Pa. Super. 2023), we noted:

> Our Supreme Court's decision in *Lacombe* provided a means by which registrants, disadvantaged by the jurisdictional and eligibility requirements of the PCRA, were permitted to challenge the application of punitive sexual offender registration requirements more than one year after their judgments of sentence became final or after they fulfilled their terms of incarceration.

*Id.* at 427.
*(Footnote Continued Next Page)*

- 4 -

of how Appellant styled his filings, those filings should have been treated as PCRA petitions. S*ee **Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013). Once properly characterized as PCRA petitions, it is immediately apparent that Appellant has two problems. First, Appellant must meet the eligibility requirements. Second, Appellant must meet the PCRA timeliness requirements.

To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Martin***, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in ***Ahlborn***, the PCRA's plain language requires denial of relief for a petitioner who has finished serving his sentence. ***Ahlborn***, 699 A.2d at 720. To be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. ***Id.*** To

---

Here, Appellant is not challenging the application of punitive sexual offender registration requirements. Rather, he is appealing the legality of his sentence. As such, ***Lacombe*** is inapposite.

- 5 -

grant relief at a time when a petitioner is not currently serving a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (when petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the court loses jurisdiction to rule on merits of petition).

Here, based on our review of the record, we agree with the trial court and the Commonwealth that Appellant does not meet any of the foregoing eligibility requirements, as he completed his sentence on February 6, 2024. *See* Trial Court Order, 5/7/24.[6] As a result, and consistent with *Ahlborn*, Appellant does not meet the eligibility requirements outlined in Section 9543(a). Accordingly, we do not have jurisdiction over this appeal.[7]

Orders affirmed.

---

[6] Appellant himself acknowledged that he is no longer serving that sentence. *See* Appellant's Brief at 2.

[7] The underlying petitions are also untimely under the PCRA, as they were filed well-beyond one year after the judgments became final. Additionally, Appellant does not attempt to establish the application of any exception to the timeliness requirements. Rather, he mistakenly relies on *Lacombe*. Thus, alternatively, we could have dismissed the underlying filings because neither the trial court nor we have jurisdiction to review the merits of his claims.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  1/15/2026